UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL NUMISMATIC CERTIFICATION, LLC,
Florida Limited Liability Company,
ASA ACCUGRADE, INC., a Florida corporation,
PCI COIN GRADING, INC., a foreign corporation,
SOVEREIGN ENTITIESGRADING SERVICE, INC.,
a foreign corporation, TREASURE GALLERY, INC.,
a Florida corporation, and CENTSLES, INC.,
a Florida corporation,

      Plaintiffs,                          CASE NO.: 6:08-cv-00042-19GJK

vs.

EBAY INC., a foreign corporation,
AMERICAN NUMISMATIC ASSOCIATION,
a foreign non-profit corporation, and PROFESSIONAL
NUMISMATISTS GUILD, INC., a foreign corporation,

      Defendants.
_____/

### DEFENDANT EBAY INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant eBay Inc., pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss each of Plaintiffs' three claims against eBay set forth in the Complaint with prejudice because: (1) the claims are barred by the Communications Decency Act, 47 U.S.C. § 230; (2) Plaintiffs have failed to allege facts sufficient to state a claim for conspiracy to defame; (3) Plaintiffs have failed to allege facts sufficient to state a claim for defamation; and (4) Plaintiffs have failed to allege facts sufficient to state a claim for unfair and deceptive trade practices. This motion is based on this Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file, oral argument of counsel, and such other materials and

argument as may be presented in connection with the hearing on the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION.**

This action should be dismissed because the federal safe harbor of Section 230 of the Communications Decency Act (47 U.S.C. § 230) provides a complete immunity to Plaintiffs' claims. eBay operates an online trading community which provides a venue for users to list items for sale and sell those items to other users. eBay strives to make its marketplace safe by implementing policies that restrict what may be listed for sale and removing listings that violate these policies.

Plaintiffs' complaint centers on eBay's policy concerning the manner in which a seller may describe coins offered for sale. eBay's policy allows sellers to describe their coins as "certified" if the coins have been graded by one of a number of coin grading services listed in the policy. The crux of Plaintiffs' complaint is that they are not among the coin graders listed in the policy. Plaintiffs allege that eBay's coins policy, and its enforcement of that policy, implies that Plaintiffs' coins are counterfeit and allege that inferences may be drawn which result in Plaintiffs' coins being publicly branded as counterfeit. Plaintiffs seek to hold eBay liable for these inferences as if they were actually statements made by eBay.

But under Section 230, eBay cannot be held liable for its efforts to protect its users by restricting the information posted on its site, nor can eBay be liable for information provided by another content provider. Plaintiffs' allegations fail to plead around this immunity. Furthermore, Plaintiffs' allegations, resting on inferences alone, are insufficient to support its claims of defamation, conspiracy to defame and unfair trade practices. Therefore, each of

Plaintiffs' claims must be dismissed pursuant to Federal Rule of Procedure 12(b)(6).

II.     FACTUAL SUMMARY.

eBay operates a person-to-person trading community over the world-wide web through its Internet site at www.ebay.com. Through this Internet community, eBay provides a venue for millions of eBay users to list items for sale, and sell those items to other users, but it does not participate in the transactions itself. Compl. ¶ 10 ("[eBay] provides a forum for the purchase and sale of merchandise . . . over the internet"); Compl. at Ex. B ("Ex. B") at p. 2 ("We believe that the transaction is between a seller and buyer."). As eBay is only a venue, eBay does not possess or examine the items listed on its site; rather it simply empowers willing buyers and sellers to find each other and trade directly (hence the label "person-to-person trading community").

   A.    eBay Adopts Policies Restricting the Information that May Be Posted on Its Website to Prevent Fraud and Other Objectionable Activity.

eBay cares that transactions are a positive experience for buyers and sellers and strives to make transactions safe. Ex. B at p. 2. To further this goal, eBay "actively promulgates policies regarding the manner and methods whereby coins are purchased and sold through its forum." Compl. ¶ 10. eBay adopted its coins policy in an "effort to 'try to remove the opportunity' to commit consumer fraud." Compl. ¶ 22. eBay's coins policy requires that when a seller lists a coin for sale, it must follow eBay's guidelines for describing the coin. Compl. ¶ 21. Those guidelines prohibit describing a coin as "certified" unless it has been graded by one of the grading services identified in the policy. Compl. ¶ 21. The grading service Plaintiffs (National Numismatic Certification, LLC, Accugrade, Inc., PCI Coin Grading, Inc., and Sovereign Entitiesgrading Service, Inc., hereinafter collectively referred to as "Grading Service

Plaintiffs") are not among the grading services identified in eBay's policy. Compl. ¶ 21. Plaintiffs allege that eBay's coin policy was recommended by Defendant American Numismatic Association ("ANA"), which Plaintiffs describe as "the preeminent trade association in the numismatic hobby"[1] (Compl. ¶ 8), and allegedly is based on a "coin grading survey spearheaded by" a member of the ANA. Compl. ¶ 21.

     **B.**    **In Enforcing Its Policies, eBay May Remove Potentially Objectionable or Unlawful Content.**

eBay cannot ensure compliance with its coins policy on its own because it "does not have the expertise to evaluate the authenticity of items across 50,000+ categories . . . ." Ex. B at p. 2. So to combat the misrepresentation of coins listed on its site, eBay relies on a "Coins Community Watch (CCW) group," which is described as "a collaborative effort . . . for the purpose of combating misrepresented or fraudulent listings involving coins and other numismatic items." Compl. ¶¶ 16 & 17. Through the CCW, Plaintiffs allege industry and community experts review listings for violations of eBay's coins policy, and the preeminent trade association in the numismatic hobby, the ANA (Compl. ¶ 8), corroborates claims of policy violations. Compl. ¶ 17. When this group of experts identifies a listing that eBay "believe[s] is harmful to the marketplace and community," eBay may "exercise [its] right to remove [the] listing" and offers the seller an appeals process to reinstate the listing. Ex. B at p. 2. When eBay removes a seller's listing for violation of the coins policy, eBay emails the seller notifying the seller that they have violated the policy. *See e.g.*, Compl. at Ex. C ("Ex. C").

     **C.**    **Plaintiffs Allege eBay's Efforts to Protect Its Users Are Unfair To Plaintiffs And Lead to Defamatory Inferences.**

---

[1] Note that Plaintiffs describe the other Defendant, the Professional Numismatists Guild, Inc., as "an elite group of rare coin dealers." Compl. ¶ 9.

4

Plaintiffs allege that eBay's coins policy amounts to defamation and unfair trade practices because the Grading Service Plaintiffs are not among the grading services identified in eBay's coins policy, and therefore coins graded by the Grading Service Plaintiffs may not be listed as "certified." Plaintiffs allege that through implication and inference, eBay's policy amounts to a public accusation that Plaintiffs grade and/or deal in counterfeit items, publicly brands Plaintiffs' coins as counterfeit and refers to coins graded by Plaintiffs as counterfeit. Compl. ¶¶ 21-23. Plaintiffs also allege that eBay has removed coins offered for sale by Plaintiffs Treasure Gallery, Inc. and Centsles, Inc. (collectively "Seller Plaintiffs"), and notified bidders that the Seller Plaintiffs' coins are counterfeit. Compl. ¶¶ 21 & 22. But Plaintiffs do not support this point. Plaintiffs refer to Exhibit C, which is an email to Plaintiff Treasure Gallery, not a bidder, informing Treasure Gallery that it has violated eBay's coins policy and explaining the policy. Compl. ¶ 21; Ex. C. This email does not state that Treasure Gallery's coins were counterfeit. *Id.*

### III.  ARGUMENT.

#### A.  Legal Standard for Motion To Dismiss Under Rule 12(b)(6) for Failure To State a Claim.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a plaintiff's pleadings. *Pfeil v. Sprint Nextel Corp.*, 504 F. Supp. 2d 1273, 1275 (N.D. Fla. 2007). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). "When considering a motion to dismiss, a district court is limited to 'the well-pleaded factual allegations, documents central to or referenced in the

complaint, and matters judicially noticed.'" *Pfeil*, 504 F. Supp. 2d at 1275, *quoting La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). A motion to dismiss should be granted if the facts considered are not "enough to raise a right to relief above the speculative label on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic*, 127 S.Ct. at 1965 (citations omitted). Additionally, if the facts in the complaint give rise to an unconditional affirmative defense, the court may address the affirmative defense on a motion to dismiss. *Larter & Sons, Inc. v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952)[2] (noting that a complaint may properly be dismissed under Rule 12(b)(6) when allegations affirmatively show that the complaint is barred by res judicata).

      **B.**    **The Complaint Must Be Dismissed Because Section 230 Broadly Immunizes eBay from State law Claims Arising from Efforts To Restrict Access to Unlawful or Objectionable Material and from Third-Party Statements.**

Federal law immunizes eBay from each of Plaintiffs' claims on two separate grounds. Under Section 230 of the Communications Decency Act ("CDA"), Plaintiffs cannot hold eBay liable for either: (1) its efforts to restrict access to or availability of potentially objectionable or unlawful material; or (2) acting as the speaker or publisher of information provided by someone else. 47 U.S.C. § 230(c).

      **1.**    **Section 230's Plain Language Immunizes Interactive Computer Service Providers Such as eBay from Liability for Plaintiffs' Claims.**

As part of the landmark federal Communications Decency Act (and the Telecommunications Act) of 1996, Congress created Section 230 (titled "Protection for private

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

blocking and screening of offensive material"), an omnibus safe harbor provision to afford interactive computer services the ability to protect the public and its users from exposure to offensive, objectionable or unlawful content posted by third parties. Section 230(c) of the CDA (titled "Protection for 'Good Samaritan' blocking and screening of offensive material"), in conjunction with Section 230(e)(3), protects interactive Internet companies, such as eBay, from liability under state law for efforts to restrict content and for actions of third parties who use their websites. 47 U.S.C. § 230(c) & (e)(3). First, Section 230 states: "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." *Id.* at § 230(c)(1). Second, Section 230 further states that an interactive computer service may not "be held liable on account of (A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be . . . objectionable . . . ." *Id.* at § 230(c)(2). To further the "Good Samaritan" conduct Section 230 serves to foster, Congress expressly and expansively preempted any state or local law inconsistent with Section 230 that would seek to hold a website operator such as eBay liable for blocking or screening content or for content originating with a third party. *Id.* at § 230(e)(3).[3]

Contrary to the plain language of Section 230, Plaintiffs seek to hold eBay liable for precisely the sort of "Good Samaritan" conduct Congress sought to foster through the provisions of Section 230.

---

[3] "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

2. **Plaintiffs' Allegations Establish, and Other Courts Have Held, that eBay Is a Provider of an Interactive Computer Service Protected by Section 230.**

Plaintiffs admit that eBay is an interactive computer service as defined by Section 230. Section 230 defines an "interactive computer service" as "[a]ny information service, system, or access software provider that provides or enables computer access by multiple users to a computer server. . . ." *Id.* at § 230(f)(2). And Plaintiffs allege that, "eBay provides a forum for the purchase and sale of merchandise . . . over the internet . . . ." Compl. ¶ 10. This is not surprising since courts have already found that eBay is an interactive computer service under Section 230. . *See Gentry v. eBay Inc.*, 99 Cal. App. 4th 816, 831 n.7 (Cal. App. 2002) (holding that eBay.com is an interactive computer service because it enables users to "conduct sales transactions").

3. **CDA Immunity Broadly Applies to eBay and Its Efforts To Restrict Access to or Availability of Objectionable or Unlawful Content.**

As the Supreme Court of Florida acknowledged, Section 230 was enacted to address the paradox created by prior case law that held interactive computer services liable for trying to protect the public from third party posting of objectionable and unlawful content. *Doe v. America Online, Inc.*, 783 So. 2d 1010, 1014 (Fla. 2001). *See also, Zeran v. America Online, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997). An "important purpose of § 230 was to encourage service providers to self-regulate the dissemination of offensive material over their services." *Zeran*, 129 F.3d at 331. Accordingly, Section 230 purposefully forbids holding an interactive computer service liable for "restrict[ing] access to or availability of material that the provider or user considers to be . . . otherwise objectionable . . . ." 47 U.S.C. § 230(c)(2). Section

230(c)(2), therefore, immunizes interactive computer services such as eBay from liability for state law claims arising from efforts to screen or remove content. *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1322 n.3 (11th Cir. 2006) ("The language of section 230(c)(2) is clearly inconsistent with state law that makes interactive service providers liable based on their efforts to screen content.").

Each of Plaintiffs' causes of action attempts to impose liability on eBay for engaging in the self-regulating behavior Congress sought to encourage. Plaintiffs allege eBay accused Plaintiffs of "grading and/or dealing in counterfeit items" (Compl. ¶ 23) by: (1) allegedly creating a listing policy that does not list the Grading Service Plaintiffs among the approved coin graders (Compl. ¶¶ 21 & 22); (2) allegedly removing the Seller Plaintiffs' listings that violated the policy (Compl. ¶ 22); and (3) allegedly notifying bidders that coins listed in violation of that policy may be counterfeit (Compl. ¶¶ 21 & 22).

By posting a policy, removing items posted in violation of the policy, and notifying bidders of that policy or its violation, eBay exercises its self-regulatory functions to restrict, screen and remove unlawful and potentially objectionable content from its site, just as Congress intended.[4] eBay cannot be held liable for these efforts to "restrict access to or availability of material that" eBay or its users find potentially objectionable or unlawful. 47 U.S.C. § 230(c)(2).

---

[4] Plaintiffs' own description of eBay's processes demonstrates eBay's commitment to restrict harmful content. Plaintiffs allege that "the preeminent trade association in the numismatic hobby" recommended eBay's coins policy. Compl. ¶¶ 8 & 21. Plaintiffs' allegations also state that a team of "industry/community experts" screens eBay's coins content, and the preeminent trade association corroborates the experts' claims of policy violations. Compl. ¶ 17.

        4.       **Plaintiffs' Claims Impermissibly Treat eBay as the "Publisher" of Information Provided by Another Content Provider.**

In furtherance of Congress' recognition of the need for interactive computer services to have the freedom to impose editorial control over their content, Section 230 also immunizes interactive computer services from claims that treat the service as the publisher of information that was provided by another information content provider. 47 U.S.C. § 230(c)(1). *See also*, *Zeran*, 129 F.3d at 330-31 ("[L]awsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions-such as deciding whether to publish, withdraw, postpone or alter content-are barred.").

Plaintiffs' claims are premised on eBay's policy which restricts content and eBay's enforcing that policy by removing content and notifying bidders when content is removed. Compl. ¶¶ 21-23. By engaging in these alleged activities, eBay exercises a publisher's traditional editorial function of deciding whether to publish or remove potentially objectionable information provided by another content provider.

The content, or "information" allegedly giving rise to Plaintiffs' claims is not a statement but only the alleged inference that Plaintiffs grade and/or deal in counterfeit goods based on eBay's posting and enforcement of its policy. Compl. ¶¶ 21-23. To hold eBay liable for any of these actions would require treating eBay as the "publisher or speaker" of "information"[5] Plaintiffs admit originated with a third party. Compl. ¶ 21; Ex. B at pp. 1-2. Holding eBay liable for this "information" would contravene Section 230's prohibition against

---

[5] To even describe the alleged "inferences" as "information," demonstrates just how flimsy Plaintiffs' claims are. Because one must draw an inference to arrive at a conclusion that Plaintiffs grade and/or deal in counterfeit goods, the actual content provided by eBay cannot support Plaintiffs' claims. See section III.C. below.

treating interactive computer services as the publisher of the content it did not provide.

      **C.    In Addition to the Protections Offered by Section 230, Plaintiffs' Allegations Are Insufficient to Support Any of Its Claims Against eBay.**

Independent of the protections afforded to eBay by Section 230, Plaintiffs failed to plead allegations to support essential elements of each cause of action alleged against eBay: defamation; conspiracy to defame; and unfair trade practices. Thus, Plaintiffs' claims against eBay must be dismissed in their entirety for failure to state a claim.

      **1.    Plaintiffs Failed to Plead Facts To Support the Essential Elements of a Claim for Defamation.**

"To state a cause of action for defamation, in Florida, a plaintiff must allege that (1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff." *Valencia v. Citibank International*, 728 So. 2d 330, 330 (Fla. App. 1999) *citing Seropian v. Forman*, 652 So. 2d 490 (Fla. App. 1995). Plaintiffs fail to allege any of the elements.

      **a.    Plaintiffs Fail to Allege that eBay Made a Particular Statement and Fails to Allege That Any Statement It Made Was False.**

Plaintiffs fail to meet their obligation to plead facts sufficient to show that eBay made a false statement. The Complaint contains only "labels and conclusions" that cannot survive a motion to dismiss. *Bell Atlantic*, 127 S. Ct. at 1965.

Plaintiffs ask this Court to *infer* that eBay's policy amounts to an accusation that Plaintiffs grade and/or deal in counterfeit items. *Compare* Compl. ¶ 21 ("The policy permits only coins that have been graded by four grading services . . . to be listed for sale on eBay as 'certified' coins. Thus, coins graded by Plaintiffs . . . cannot be listed or sold on eBay as

11

'certified' coins and are referred to as 'counterfeit' by eBay.") *with* Compl. ¶¶ 23 & 36 (alleging eBay has "publicly accused Plaintiffs of grading and/or dealing in counterfeit items"). *See also* Compl. ¶¶ 22 & 35 (urging this Court to make a "reasonable *inference* that individuals and entities that offer for sale on eBay coins graded by Plaintiffs . . ., have availed themselves of the 'opportunity' to commit consumer fraud . . . [and] are not reliable and accurate grading services and serve as mere vehicles for fraud." (emphasis added)). But such an inference is not supported by logic or the pleadings and cannot support a cause of action.

By simply excluding the Plaintiffs from the list of approved graders, eBay cannot be said to have made a false statement. *See e.g., Hoon v. Pate Construction Co.*, 607 So. 2d 423, 428-29 (Fla. App. 1992) (finding "inference and innuendo" drawn from defendant's choice of a contractor other than plaintiff insufficient to support a defamation claim). Furthermore, while Plaintiffs' exhibits describe eBay's policy, none of these exhibits contain a statement by eBay accusing Plaintiffs, or any other group, of grading or dealing in counterfeit items.[6] Thus, Plaintiffs fail to allege a sufficient factual basis to support an allegation that eBay made a false statement.

Moreover, Plaintiffs fail to allege that any statements inferred to eBay are false. Even assuming that eBay "publicly branded" coins offered by Seller Plaintiffs as "counterfeit," Plaintiffs fail to allege that the coins offered by the Seller Plaintiffs were *not* counterfeit.

---

[6] Indeed, Exhibit C, which Plaintiffs submit as evidence of eBay notifying bidders that Plaintiffs' coins are counterfeit, shows no such thing. First, the exhibit is an email to Plaintiff Treasure Gallery, not to a bidder. Second, rather than stating that the Plaintiffs' coins are counterfeit, the email informs Treasure Gallery that it has violated eBay policy by including a numeric grade in the title of the listing. *See* Compl., Ex. C (stating "eBay does not permit the sale of currency that is improperly described," stating that "[a] numeric grade may not be included in the title of the listing," and showing that Plaintiff Treasure Gallery included numeric grades in the titles of its listings).

### b. Plaintiffs Fail To Allege that Any eBay Statements Were "Of Or Concerning" the Grading Service Plaintiffs.

Moreover, Plaintiffs do not allege that eBay has made a defamatory statement specifically about any of the Grading Service Plaintiffs. As alleged by Plaintiffs, eBay's policy refers to coins not graded by specific grading services as counterfeit, and by implication, allegedly refers to coins graded by all other grading services, such as the Plaintiffs, as counterfeit. Comp. ¶ 21. But as demonstrated by *Thomas v. Jacksonville Television, Inc.*, Plaintiffs cannot bring a defamation claim where the defamation arises as a result of Plaintiffs' membership in an allegedly defamed group unless the defamatory statements were "of and concerning" the Plaintiffs. *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, (Fla. App. 1997) ("Florida and federal cases dealing with group defamation consistently hold that a cause of action for group libel cannot be maintained unless it is shown that the libelous statements are 'of and concerning' the plaintiff."). In *Thomas*, a group of fishermen brought a defamation action alleging that an advertisement that cast fishermen as a whole in a negative light, "injured their business reputation with the public . . . ." *Thomas*, 699 So. 2d at 802. The court dismissed the complaint on the grounds that the plaintiffs failed to meet the "of and concerning" element because the plaintiffs "failed to advance a colorable claim that they were identified and described by the defamatory broadcasts." *Thomas*, 699 So. 2d at 805. Similarly, Plaintiffs fail to allege that eBay made any statements identifying and describing the Grading Service Plaintiffs. Plaintiffs' claims rest on their membership in the unnamed group of grading services not listed in eBay's policy. Thus the alleged statements cannot be described as "of and concerning" those Plaintiffs.

### c. Plaintiffs Fail To Allege Facts Showing that eBay Published the Alleged Statements.

Plaintiffs' defamation claim must fail absent facts sufficient to show that eBay published the alleged statements. "The gist of the action for defamatory falsehood lies in the *publication* of the falsehood, not in the mere making of it." *Korman v. Kent*, 821 So. 2d 408, 410-11 (Fla. App. 2002) (emphasis added). *See also*, *Doe v. America Online, Inc.*, 783 So. 2d 1010, 1017 (Fla. 2001) ("Because the publication of a statement is a necessary element in a defamation action, only one who publishes can be subject to this form of tort liability."). To establish publication, Plaintiffs must allege that eBay made the allegedly defamatory statements to a third party. *Tyler v. Garris*, 292 So. 2d 427, 427 (Fla. App. 1974) ("[T]he defamatory matter must have been communicated to some third person in order for same to be actionable."). Plaintiffs fail to plead any facts to support its allegations that eBay informed bidders,[7] or anyone else, that Plaintiffs' coins were counterfeit. Under *Bell Atlantic*, Plaintiffs must do more than simply make the conclusory allegation that eBay "publicly branded" or "publicly accused" the Plaintiffs. Compl. ¶¶ 22 & 23; *Bell Atlantic*, 127 S. Ct. at 1964-65. Plaintiffs' bald allegations of publication do not support a claim for defamation.

### d. Plaintiffs Fail to Sufficiently Allege Any Injury.

Plaintiffs make the conclusory allegation that they "have been injured in their respective abilities to carry out their professions, trades, and occupations and have been exposed to distrust,

---

[7] As stated in footnote 6, Plaintiffs' own exhibits contradict its allegations that eBay notified bidders that Plaintiffs' products are counterfeit. Compl. ¶ 21 (referring to exhibit C). Plaintiffs cite to Exhibit C to support their allegation that eBay notified a bidder that Plaintiffs' products are counterfeit, yet Exhibit C is an email to Plaintiff Treasure Gallery, not to a bidder. *See* Compl., Ex. C. In addition, the email states that eBay "notified members who placed bids on the item that the listing has been *canceled*," not that eBay notified bidders that the item was *counterfeit*. *Id.* (emphasis added).

hatred, contempt and ridicule" without alleging a single fact to support the allegation. Compl. ¶ 23. Plaintiffs fail to state that they have lost a single sale, that their business has declined, or that they have been prohibited from selling coins through venues other than eBay. Nor have they pointed to any examples of hatred, contempt or ridicule by persons in the numismatic industry, customers or potential customers.

### 2. Plaintiffs Fail To State a Claim for Conspiracy To Defame.

Plaintiffs' conspiracy claim must be dismissed because Plaintiffs fail to sufficiently plead the underlying defamation claim. "The conspiracy to defame claim cannot stand where, as here, the defamation action fails. There being no defamation, the gist of the defamation conspiracy, there can be no conspiracy claim." *Ovadia v. Bloom*, 756 So. 2d 137, 140 (Fla. App. 2000) *citing Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. App. 1981). *See also, Williams Elec. Co. v. Honeywell, Inc.*, 772 F. Supp. 1225, 1239 (N.D. Fla. 1991) ("In Florida, actionable civil conspiracy must be based on an existing independent wrong or tort that would constitute a valid cause of action if committed by one actor.").

Furthermore, Plaintiffs fail to allege that eBay was involved in the allegedly unfair and deceptive PNG/ICTA survey, that eBay knew that the survey was allegedly unfair and deceptive or that eBay omitted the Grading Services Plaintiffs from the coins policy with the intent to defame them. Simply choosing other grading services is not sufficient grounds for a conspiracy to defame claim. *See e.g., Hoon*, 607 So. 2d at 430 (finding no conspiracy to defame where defendant chose to contract with a party other than the plaintiff).

### 3.  Plaintiffs Fail to State a Claim for Unfair and Deceptive Trade Practices Because It Failed to Allege Facts Supporting the Alleged Practices.

Plaintiffs allege that eBay violates Florida's Deceptive and Unfair Trade Practices Act[8] ("FDUTPA") because its policy restricting the manner in which coins are described on its site is "unfair and deceptive." Compl. ¶ 22. But Plaintiffs not only fail to allege practices by eBay that are unfair or deceptive, Plaintiffs' allegations demonstrate that eBay's policies are designed to protect consumers. An "unfair practice" under the FDUTPA "is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. App. 2006), *reh'g denied*, *review denied* 962 So. 2d 335 (internal quotation marks omitted). Deception under the act is construed to occur where it is probable that a representation, omission, or practice is likely to mislead a reasonable consumer to his detriment. *Zlotnick v. Premier Sales Group, Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007). Plaintiffs' own allegations state that eBay implemented its coins policy in an "effort to 'try to remove the opportunity' to commit consumer fraud." Compl. ¶ 22. eBay's policies, therefore, are intended to *prevent* fraudulent and misleading coin listings and sales that would injure consumers, and cannot be construed as unfair or deceptive as defined by Florida law. Plaintiffs' unfair trade practices claim must necessarily fail.

### IV.  CONCLUSION.

Plaintiffs' complaint must be dismissed because their claims are entirely barred by Section 230 of the Communications Decency Act because they seek to hold eBay liable: (1) for

---

[8] Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) deems "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful. Fla. Stat. § 501.204(1).

restricting access to potentially objectionable and unlawful content; and (2) for information that originated with a third party. Furthermore, Plaintiffs' complaint against eBay must be dismissed because each of their causes of action lacks allegations sufficient to support the essential elements of the claim.

>Melina K. Patterson
>(California Bar No. 211907)
>mpatterson@cooley.com
>Cooley Godward Kronish LLP
>Five Palo Alto Square
>3000 El Camino Real
>Palo Alto, CA 94306
>Direct: 650-849-5000
>Fax: 650-857-0663
>
>Holland & Knight LLP
>200 South Orange Avenue, Suite 2600
>P.O. Box 1526 (ZIP 32802-1526)
>Orlando, Florida 32801
>Telephone: (407) 244-5151
>Facsimile:  (407) 244-5288
>
>By:    s/ Judith M. Mercier
>Judith M. Mercier, Esquire
>(Florida Bar No. 0032727)
>judy.mercier@hklaw.com
>
>*Counsel for eBay Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to: Daniel N. Brodersen, Esq., Beusse Wolter Sanks Mora & Maire, P.A., 390 North Orange Avenue, Suite 2500, Orlando, Florida, 32801.

# 5129732_v1                    /s Judith M. Mercier