UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL NUMISMATIC CERTIFICATION,
LLC, Florida Limited Liability Company, ASA
ACCUGRADE, INC., a Florida corporation,
PCI COIN GRADING, INC., a foreign corporation,
SOVEREIGN ENTITIES GRADING SERVICE, INC.,
A foreign corporation, TREASURE GALLERY, INC.,
A Florida corporation, and CENTSLES, INC.,
A Florida corporation.

Case No.: 6-08-CV-42-ORL-196AM

Plaintiffs

**AMERICAN NUMISMATIC ASSOC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW**

vs.

EBAY, INC., a foreign corporation,
AMERICAN NUMISMATIC ASSOCIATION,
a foreign non-profit association, and PROFESSIONAL
NUMISMATISTS GUILD, INC., a foreign corporation.

Defendants
_____/

DEFENDANT, AMERICAN NUMISMATIC ASSOCIATION (hereinafter "ANA"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss each of the Plaintiffs' three counts against the ANA and in support thereof, states as follows:

1. Count I of the Plaintiffs' Complaint for Civil Conspiracy to Commit Defamation should be dismissed for failure to state a claim upon which relief can be granted. The Plaintiffs' have failed to allege facts sufficient to state a claim for Conspiracy to Defame.

2. Count II of the Plaintiffs' Complaint for Defamation against the ANA should be

dismissed as the Plaintiffs have failed to allege facts sufficient to state a claim for Defamation.

3. Last, Count III of the Plaintiffs' Complaint should be dismissed for failure to state a claim of Violation of the Florida Unfair and Deceptive Trade Practices Act, as the Plaintiffs have not alleged sufficient facts to support such a claim.

WHEREFORE, Defendant, ANA, respectfully requests dismissal of the Complaint, which is based upon the facts and authority set forth in the following memorandum of law:

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I - Introduction

This is a suit by four companies, National Numismatic Certification (NNC), ASA Accugrade Inc. (ACG), PCI Coin Grading Inc. (PCI), and Sovereign Entities Grading Services, Inc. (SEGS), which are involved in the business of grading coins, and two companies, Treasure Gallery and Centsles, which are in the business of buying and selling coins in forums including, but not limited to, the internet via the Co-Defendant, eBay. The Plaintiffs have filed this Complaint against the ANA, which is a Federally Chartered, Not For Profit Entity, whose mission is to provide education to the public about the numismatic hobby. The ANA maintains its headquarters in Colorado Springs and sponsors educational programs, publishes the "Numismatist", operates a museum, and hosts nationally publicized numismatic conventions referred to as the "Money Show", typically held twice annually across the country. The ANA has thousands of members, as well as an elected board of governors, which operate as the decision making body of the organization pursuant to the Charter and Bylaws. This suit against the ANA is grounded upon Civil Conspiracy, Defamation, and Violation of the Florida Unfair Deceptive Trade Practices Act.

## II - Standard for Motion to Dismiss

On a Motion to Dismiss, the District Court must accept the facts pled as true and liberally construe the Complaint in favor of the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969). However, "[a]s a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a Motion to Dismiss." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F. 3d 402, 408 N.10 (11th Cir. 1996) *citing Assoc. Builders, Inc. v. Alabama Power Co.*, 505 F. 2d 97, 100 (5th Cir. 1974). Moreover, the court must not assume that the Plaintiff can prove facts not alleged or that the Defendant has violated laws in any ways not alleged. *Assoc. Gen. Contractors of CA, Inc. v. CA State Council of Carpenters*, 459 U.S. 519, 525, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). In this regard, "unsupported conclusions of law or mixed law and fact are not sufficient to withstand a dismissal under Rule 12 (b)(6)." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1271 (11 Cir.), *rev'd on other grounds*, 314 F.3d 541 (11th Cir. 2002) (Enbanc). The court is also limited to examining the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (N.D. Fla. 1995).

## III - Legal Argument

    **A.    Count II of the Plaintiffs' Complaint for Defamation fails as the Plaintiffs have failed to plead facts to support a claim for Defamation.**

"To establish a cause of action for defamation under Florida Common Law, a Plaintiff must show that: (1) the Defendant published a false statement about the Plaintiff; (2) to a third party; and (3) the falsity of the statement caused injury to the Plaintiff." *Razner v. Wellington Regional Medical Center, Inc.*, 837 So.2d 437, 442 (4th DCA 2003); *Shaw v. R. J. Reynolds*, 818 F.Supp. 1539, 1541 (M.D.Fla. 1993), *aff'd*, 15 F.3d 1097 (11th Cir. 1994). In addition, a Plaintiff must "link a particular remark to a particular defendant," and "specifically identify the persons to whom the allegedly

defamatory comments were made," as well as provide a time frame which said statements were made. *Jackson v. North Broward County Hospital District*, 766 So.2d 256, 257 (Fla. 4th DCA 2000); *Fowler v. Taco Viva, Inc.*, 646 F.Supp. 152, 157-58 (F.D. Fla. 1986). Foremost, the Plaintiffs have failed to allege anywhere in their Complaint that the statements made by the ANA were false, as required by Florida law in order to establish a claim for defamation. In fact, nowhere in Count II of the Plaintiffs' Complaint is the word "false" utilized. Furthermore, the Plaintiffs have failed to specifically identify the persons to whom the alleged defamatory comments were made, as is also required under Florida law. *Jackson*, 766 So.2d at 257; *Fowler* 646 F.Supp. at 157-58. The Plaintiffs have simply made conclusory allegations which are insufficient to properly state a claim for defamation upon which relief can be granted. *South Florida Water*, 84 F. 3d 402 at 408.

In the Plaintiffs' Complaint, the Plaintiffs reference a September 18, 2007 press release and include in their Complaint several vague portions of the language within the press release, and have also attached the press release. However, the Plaintiffs fail to specifically identify which particular remarks they are contending are false, or whether they are contending that the entire press release is false and defamatory. Instead, the Plaintiffs have stated in their Complaint that, "these statements made by the ANA permit the **reasonable inference** that individuals and entities that offer for sale, on eBay, coins graded by Plaintiffs, NNC, ACG, PCI, and SEGS, most notably Treasure Gallery and Centsles, have availed themselves of the 'opportunity' to commit consumer fraud." Compl. ¶ 35. The Plaintiffs further state that, "the press release also **permits the inference** that Plaintiffs, NNC, ACG, PCI, and SEGS, are not reliable and accurate grading services and that they serve as mere vehicles for fraud." Compl. ¶ 35. Again, nowhere in the Complaint have the Plaintiffs alleged that the statements are false, as required by Florida law and, in fact, the Plaintiffs are solely alleging that

an inference can be made from the press release and the policy established by eBay. However, such an inference cannot support a proper cause of action for defamation.

The Plaintiffs further allege that "the ANA's conduct culminating in the September 18, 2007 press release accused Plaintiffs of engaging in and/or facilitating consumer fraud by **implication...** Plaintiffs have been gravely injured..." (Emphasis added) Compl. ¶ 36. By eBay simply excluding the Plaintiffs from the list of approved graders, and by this Defendant publishing eBay's policy regarding the graders, this Defendant cannot be said to have made a false statement. *See e.g., Hoon v. Pate Construction Co.*, 607 So.2d 423, 428-29 (Fl. App. 1992). In *Hoon* the Plaintiff alleged that "by announcing that the contract had been awarded to a contractor other than Pate, there was a clear and logical inference and innuendo that the refusal to have Pate construct the project was due to some deficiency of Pate and represented an adverse comment by the Defendant either directly or through their agent on the reputation and abilities of Pate. The court rejected the claim and stated that "we have been cited no authority for the proposition that the 'non-verbal' act of rejecting the lowest dollar bid on a construction project, or any similar 'non-verbal' act, constitutes legally actionable defamation." Although the ANA did publish information about eBay's policy, it only follows logically that, if eBay cannot be liable for its "non-verbal" act of rejecting the Plaintiffs as approved graders, than this Defendant cannot be liable for publishing eBay's policy regarding the same.

Moreover, the Plaintiffs have made a claim for group defamation but have failed to allege that the statements are "of and concerning" the Plaintiffs. Both Florida and Federal cases, dealing with group defamation, consistently hold that a cause of action for group defamation cannot be maintained unless it is shown that the defamatory statements are, "of and concerning" the Plaintiff.

*Thomas v. Jacksonville Television, Inc.*, 699 So.2d 800, 805 (Fla. 1st DCA 1997) *citing Rosenblatt v. Baer*, 383 U.S. 75, 86 S.Ct. 669, 15 L. Ed.2d 597 (1966); *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L. Ed.2d 686 (1964); *McIver v. Tallahassee Democrat, Inc.*, 489 So.2d 793, 794 (Fla. 1st DCA), *rev. denied.* 500 So.2d 544 (Fla. 1986); *Hay v. Independent Newspapers, Inc.*, 457 So.2d 294. In the current Complaint, the Plaintiffs solely allege that there is a reasonable inference as a result of eBay's policy and this Defendant's press release, that the Plaintiffs were engaging in and/or facilitating in consumer fraud but have failed to allege, as there is no support to make the allegation, that the statements were, "of and concerning" the Plaintiffs. The court stated in *Thomas*, 699 So.2d at 805: "Plaintiffs face a difficult task when the statements concern a group; when a group is large, that is, composed of twenty-five or more members, courts consistently hold that Plaintiffs cannot show that statements were "of and concerning" them. *citing AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1005 (4th Cir. 1990); *Anyanwu v. Columbia Broadcasting System, Inc.*, 887 F.Supp. 690, 692 (S.D.N.Y. 1995). Given the factual basis for the Plaintiffs' allegations, potentially any grader of coins or business which was involved in the buying and selling of coins on eBay, other than the four entities which are considered "approved graders" pursuant to eBay's policy, would have a claim for defamation against the Defendants and, as a result, the Plaintiffs are part of an enormous group too large in size for this Defendant to specifically enumerate. Most importantly, and due to the size of this group, in order for the Plaintiffs to properly plead a cause of action against this Defendant for defamation, they would have to plead and prove that the libelous statements are "of and concerning" the Plaintiffs. Thus, due to the fact that the Plaintiffs have failed to allege any statements which specifically identify and describe them, their claims for defamation must be dismissed.

**B.     Count II of the Plaintiffs' Complaint for Conspiracy to Commit Defamation should be dismissed.**

The Plaintiffs' civil conspiracy to commit defamation claim fails as the Plaintiffs have not properly alleged any underlying tort and, in addition, have failed to meet the particularity requirements. To allege a claim for civil conspiracy based on defamation, a Plaintiff must first properly allege the elements of the tort of defamation and, as discussed above, the Plaintiffs have failed to meet that requirement. *See Buckner v. Lower Florida Keys Hospital*, 403 So.2d 1025, 1027 (Fla. 3rd DCA 1981). As stated in *Ovadia v. Bloom*, 756 So.2d 137, 140: "The conspiracy to defame claim cannot stand where, as here, the defamation action fails. There being no defamation, the gist of the defamation conspiracy, there can be no conspiracy claim." *citing Buckner* 403 So.2d at 1027.

In addition, the allegations of conspiracy are governed by the pleading requirements for fraud and the circumstances constituting fraud must be stated with such particularity as the circumstances may permit. *See Ocala Loan Company v. Smith*, 155 So.2d 711, 716 (Fla. 1st DCA 1963); Fla. R. Civ. P. 1.120 (b); *Myers v. Myers*, 652 So.2d 1214, 1215-16 (Fla. 5th DCA 1995); Fed. R. Civ. P. 9(b). Civil Conspiracy to Commit Defamation is nothing more than a vehicle for attempting to obtain joint and several liability between defendants for discreet and underlying intentional predicate tortious acts. *Moecker v. Honeywell International, Inc.*, 2000 E.S.Dist. Lexis 21191 (M.D. Fla. 2000). In the Plaintiffs' conspiracy to defame claim, they solely refer to the September 18, 2007 press release, as discussed above, but fail to allege that any of the statements are false, fail to specifically identify which statements they are referring to, and fail to allege that the statements are "of and concerning" the Plaintiffs. Thus, the Plaintiffs have not only failed to properly plead a claim for defamation, but they have also not met the requisite requirements to plead the conspiracy claim with such particularity as the circumstances permit. As a result, the Plaintiffs' claims for civil

conspiracy must be dismissed.

### C. Count III of the Plaintiffs' claim for Unfair and Deceptive Trade Practices Act must be dismissed as the Plaintiffs have failed to state a claim upon which relief can be granted.

The Plaintiffs' third claim, for violation of the Florida Deceptive and Unfair Trade Practices Act, "FDUTPA", fails because the Plaintiffs have not, and cannot, plead the essential elements of the claim. In order to properly plead a claim under FDUTPA, "a party must allege: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2nd DCA 2006). FDUTPA states, "unfair methods of competition, unconscionable acts or practices, and unfair deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. *See Fla. Stat. § 501.204* (Fla. 2006). The Plaintiffs have not alleged the type of claim that the FDUTPA is aimed at or addresses, as it is a consumer protection statute aimed at unfair trade practices in the market place. *See Rollins* 951 So.2d at 869. "Trade or commerce" is defined in the Act as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or in the property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situation." *Fla. Stat. § 501.203* (8). The Plaintiffs solely make a conclusory allegation in Count III of their Complaint, that Defendants have engaged and continue to engage in unfair and deceptive trade practices in the conduct of trade and business, as described in ¶ 15-24 above, in violation of Fla. Stat. § 501.204 (1). Compl. ¶ 40. However, upon review of ¶ 15-24 of the Plaintiffs' Complaint, it is clear that the Plaintiffs have failed to plead any allegations against the ANA which would bring their claims within the purpose of the Act. The Plaintiffs have not pled that this Defendant engaged in any practice which is "likely to deceive a consumer", or any "trade or commerce" as defined by the Act. The Plaintiffs and this

Defendant are not in a consumer-transaction relationship and the conduct alleged in ¶ 15-24 of the Complaint is not the type of "market based" conduct to which the FDUTPA is directed.

Moreover, the Plaintiffs have failed to allege that the ANA engaged in any deceptive act or unfair practice in trade or commerce. A deceptive act is "one that is likely to mislead consumers." *Rollins*, 951 So.2d at 869. Furthermore, an unfair practice is "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Id.* As the Eleventh Circuit Court of Appeal has stated, "[t]he central aim of the Florida Statute is to 'make consumers whole for losses caused by fraudulent consumer practices.'" *Donald Frederick Evans and Assoc., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 915-16 (11th Cir. 1986). The Plaintiffs have failed to allege that the ANA misled consumers and, as a result, have failed to properly plead that the ANA committed a deceptive act. Likewise, the Plaintiffs have failed to allege that the ANA committed an act that offends an established public policy, or one that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers and, therefore, the Plaintiff's have failed to properly allege that the ANA committed an unfair practice. Clearly, if the Plaintiffs have failed to allege an unfair act, or a deceptive act, they have failed to properly plead a cause of action under the Florida Deceptive and Unfair Trade Practices Act.

Furthermore, the Plaintiffs' FDUTPA claim is defective because it fails to adequately plead and seek damages which are recoverable under the Act. Under FDUTPA, a consumer may recover only actual damages for unfair trade practices. § 502.211 (2), Fla. Stat. 2007; *Stires v Carnival Corp.*, 243 F.Supp. 2d 1313, 1321 (N.D. Fla. 2002). Courts define "actual damages" as follows:

> "Generally, the measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should

have been delivered according to the contract of the parties."

*Urling v. Helms Exterminators, Inc.*, 468 So.2d 451, 454 (Fla. 1st DCA 1985). Here the Plaintiffs are seeking injunctive relief as well as "lost business income and profits together with the attorneys' fees and costs incurred in investigating, initiating, and maintaining this action." Compl, ¶ 46. Said damages are improper under the Act and, as a result, the Plaintiffs claims for violation of FDUTPA must be dismissed.

## CONCLUSION

The Plaintiffs' Complaint must be dismissed in its entirety because the Plaintiffs have failed to state a single claim upon which relief can be granted and, thus, must be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) in all respects.

>
> Fulmer, LeRoy, Albee, Baumann & Glass, P.L.C.
> 910 North Ferncreek Avenue
> Orlando, Florida 32803
> Telephone: 407-264-7070
> Facsimile: 407-264-7071
>
> By:   /s Zachary A. Leacox
>       Zachary A. Leacox, Esquire
>       (Florida Bar No.: 0548571)
>       zleacox@fulmerleroy.com
>
> *Counsel for American Numismatic Association*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of February, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a Notice of Electronic Filing to: **DANIEL N. BRODERSEN, ESQUIRE**, Beusee Wolter Sanks Mora & Maire, P.A., 390

N. Orange Avenue, Suite 2500, Orlando, Florida 32801; **JUDITH M. MERCIER, ESQUIRE**, Holland & Knight, LLP, 200 South Orange Avenue, Suite 2600, P.O. Box 1526 (Zip 32802-1526), Orlando, Florida 32801; **TERRY M. SANKS, ESQUIRE,** Beusse, Wolter, Sanks, Mora & Maire, P.A., 390 N. Orange Avenue, Suite 2500, Orlando, Florida 32801, **ROBERT E. O'QUINN, ESQUIRE**, Cole, Scott & Kissane, P.A., 1805 Copeland Street, Jacksonville, Florida 32204.

/s/ Zachary A. Leacox, Esquire