UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL NUMISMATIC CERTIFICATION,
LLC, Florida Limited Liability Company, ASA
ACCUGRADE, INC., a Florida corporation,
PCI COIN GRADING, INC., a foreign corporation,
SOVEREIGN ENTITIES GRADING SERVICE, INC.,
A foreign corporation, TREASURE GALLERY, INC.,
A Florida corporation, and CENTSLES, INC.,
A Florida corporation.

Case No.: 6-08-CV-42-ORL-196AM

                    Plaintiffs

**AMERICAN NUMISMATIC ASSOC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW**

vs.

EBAY, INC., a foreign corporation,
AMERICAN NUMISMATIC ASSOCIATION,
a foreign non-profit association, and PROFESSIONAL
NUMISMATISTS GUILD, INC., a foreign corporation.

                    Defendants
_____/

DEFENDANT, AMERICAN NUMISMATIC ASSOCIATION (hereinafter "ANA"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss each of the Plaintiffs' three counts against the ANA and in support thereof, states as follows:

1.    Count I of the Plaintiffs' Amended Complaint for Civil Conspiracy to Commit Trade Libel should be dismissed for failure to state a claim upon which relief can be granted.  The Plaintiffs have failed to allege facts sufficient to state a claim for Conspiracy to Commit Trade Libel.

2.    Count II of the Plaintiffs' Amended Complaint for Trade Libel against the ANA

should be dismissed as the Plaintiffs have failed to allege facts sufficient to state a

claim for Trade Libel.

3.    Last, Count III of the Plaintiffs' Amended Complaint should be dismissed for failure

to state a claim of Violation of the Florida Unfair and Deceptive Trade Practices Act,

as the Plaintiffs have not alleged sufficient facts to support such a claim.

WHEREFORE, Defendant, ANA, respectfully requests dismissal of the Amended Complaint,

which is based upon the facts and authority set forth in the following memorandum of law:

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I - Introduction

This is a suit by four companies, National Numismatic Certification (NNC), ASA Accugrade

Inc. (ACG), PCI Coin Grading Inc. (PCI), and Sovereign Entities Grading Services, Inc. (SEGS),

which are involved in the business of grading coins, and two companies, Treasure Gallery and

Centsles, which are in the business of buying and selling coins in forums including, but not limited

to, the internet via the Co-Defendant, eBay. The Plaintiffs have filed this Amended Complaint

against the ANA, which is a Federally Chartered, Not For Profit Entity, whose mission is to provide

education to the public about the numismatic hobby. The ANA maintains its headquarters in

Colorado Springs and sponsors educational programs, publishes the "Numismatist", operates a

museum, and hosts nationally publicized numismatic conventions referred to as the "Money Show",

typically held twice annually across the country. The ANA has thousands of members, as well as

an elected board of governors, which operate as the decision making body of the organization

pursuant to the Charter and Bylaws. This suit against the ANA is grounded upon Civil Conspiracy

to Commit Trade Libel, Trade Libel, and Violation of the Florida Unfair Deceptive Trade Practices Act.

## II - Standard for Motion to Dismiss

On a Motion to Dismiss, the District Court must accept the facts pled as true and liberally construe the Complaint in favor of the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969). However, "[a]s a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a Motion to Dismiss." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F. 3d 402, 408 n.10 (11th Cir. 1996) *citing Assoc. Builders, Inc. v. Alabama Power Co.*, 505 F. 2d 97, 100 (5th Cir. 1974). Moreover, the court must not assume that the Plaintiff can prove facts not alleged or that the Defendant has violated laws in any ways not alleged. *Assoc. Gen. Contractors of CA, Inc. v. CA State Council of Carpenters*, 459 U.S. 519, 525, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). In this regard, "unsupported conclusions of law or mixed law and fact are not sufficient to withstand a dismissal under Rule 12 (b)(6)." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1271 (11 Cir.), *rev'd on other grounds*, 314 F.3d 541 (11th Cir. 2002) (Enbanc). The court is also limited to examining the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (N.D. Fla. 1995).

## III - Legal Argument

### A.    Count II of the Plaintiffs' Amended Complaint for Trade Libel fails as the Plaintiffs have failed to plead facts to support a claim for Trade Libel.

*Allegations Contradicted by Exhibits*

In order to state a claim for Trade Libel, the Plaintiff must allege and prove (1) the publication of any (2) false and (3) malicious (4) statement of fact (5) which tends to disparage the quality, condition, or value of the property of another and (6) which causes special injury or damage.

*See State Farm Fire and Casualty Co. v. Compupay, Inc.* 654 So.2d 944, 948 (Fla. 3rd DCA 1995) *citing* 50 Am.Jur.2d *Libel & Slander* § 542 (1970); *Upton House Cooler Corp. v. Alldritt*, 73 So.2d 848 (Fla. 1954) *citing Rest. of Torts,* § 626 and 627. Similarly, § 626, of the *Statement of Torts*, defines trade libel based on a statement of facts as:

> "One who without a privilege to do so publishes an untrue statement of fact which is disparaging to the quality of another's land, chattles or intangible things, under circumstances which would lead a reasonable man to foresee that the conduct of the third person as purchaser or lessee thereof would be determined thereby, is liable for pecuniary loss resulting to the other from the impairment of vendibility so caused."

Foremost, although the Plaintiffs have plead that the statements made by the ANA are statements of fact, said allegation is contradicted by the exhibits to the Amended Complaint. Pursuant to Fed. R. Civ. P. 10(c), "A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." Moreover, when attachments contradict the allegations in the complaint, they render those allegations a nullity and render the complaint subject to dismissal. *Shelton v. Eiseman*, 79 So. 75 (Fla. 1918); *Southeast Med. Products, Inc. v. Williams*, 718 So.2d 306 (Fla. 2nd DCA 1998); *Franz Tractor Co. v. J.I. Case, Co.*, 566 So.2d 524 (Fla. 2nd DCA 1990). In the Plaintiffs' Amended Complaint, the Plaintiffs refer to ¶¶ 17-21, and ¶¶ 23-25, in referencing specific allegations against the ANA and the publication of statements. However, ¶ 17 of the Plaintiffs' Amended Complaint refers to a survey of coin dealers, the coin dealers' opinions, and the results of the survey being published on the Defendant, ANA's, website. Said survey results are attached by the Plaintiffs as Exhibit "C" to the Amended Complaint. However, the survey (Exhibit "C") specifically states that:

> "The survey indicates professional opinions of numismatists who by and sell coins for a living... Survey respondents were asked for their professional opinions to evaluate eleven grading services... As in

2002 and 2004, these 2006 survey results are being published solely as a service to the numismatic marketplace. The results do not necessarily reflect the views of PNG, ICTA, or any particular PNG or ICTA member, with respect to any particular grading service or services."

The survey (Exhibit "C") is clearly a statement of opinion and not of fact, and therefore, directly contradicts the language of the Plaintiffs' Amended Complaint. The survey referenced clearly discusses opinions of other graders, not statements of fact made by the ANA and thus, the exhibit contradicts the Plaintiffs' allegations. Furthermore, it is clear that the survey constitutes opinions by other individuals, not the ANA, and therefore cannot serve as the basis for a claim of Trade Libel against the ANA. Where an exhibit to the Amended Complaint contradicts the allegations contained in the Amended Complaint, those allegations are negated. *See General Electric Capital Corp. v. Posey*, 415 F. 3d 391, 398 (5th Cir. 2005). Here the Plaintiffs' allegations are specifically contradicted by Exhibit "C" and as a result, the Plaintiffs have failed to properly plead a cause of action for Trade Libel.

In addition, the Plaintiffs allege that the ANA published and disseminated statements via the Internet "as discussed in ¶¶ 17-21 and 23-25 above. However, ¶¶ 18-21 of the Plaintiffs' Amended Complaint does not reference the publication of any statements by the ANA and, thus, the Plaintiffs have failed to state a cause of action upon which relief can be granted for trade libel. *See State Farm*, 654 So.2d at 948. Specifically, ¶¶ 18-21 solely reference the publication of statements by eBay, along with eBay's policy, and do not allege any specific publication of statements by the ANA.

In ¶¶ 23-25 of the Plaintiffs' Amended Complaint, the Plaintiffs reference the September 18, 2007 press release by the ANA, which is the only publication which the Plaintiffs can validly base a claim for Trade Libel against the ANA on, as it is the only publication by the ANA to a third

person which includes statements by the ANA. The specific statements contained within said press release include, *inter alia*, the following:

    A.     eBay launched a new policy in its coins category which will ensure that any coins listed as certified, must be certified by one of four grading companies.

    B.     The ANA supports this effort to improve consumer protection for people buying or selling coins on eBay.

    C.     Although the ANA is not responsible for this policy, we support any effort to reduce the potential for fraud and help safeguard the coin-collecting hobby.

    D.     In order for consumer fraud to occur, three elements must be present: "1) a persons desire, ability and opportunity to commit the fraud; 2) we cannot control a persons desire or ability, but we can try to remove the opportunity."

(See Exhibit "M")

The Plaintiffs allege that Defendant, ANA, communicated, published, and disseminated or caused to be communicated, published, or disseminated, false, misleading, malicious and outrageous statements via the Internet as discussed in ¶¶ 17-21 and ¶¶ 23-25 above, which Defendants knew or should have known, were false, misleading, malicious and outrageous. However, the press release, (Exhibit "M" to the Plaintiffs' Amended Complaint), directly contradicts the Plaintiffs allegations and does not support the allegations that this Defendant, ANA, published a false and malicious statement of fact which disparages the quality, condition, or value of the property of the Plaintiffs. Due to the fact that the exhibit attached to the Plaintiffs' Amended Complaint contradicts the assertions in the Amended Complaint, the Plaintiffs' allegations in the Amended Complaint are negated and must fail as a matter of law. *See Banco Del Estado v. Navastar Intern Transp. Corp.*, 942 F. Supp. 1176 (N.D. Ill 1996).

*Alleged Damages*

       Moreover, to sustain a cause of action for Trade Libel, the Plaintiffs must allege a publication

that impugns Plaintiff's goods or the character of their business, not just their reputation. *See* e.g. *Aetna Cas. & Sur. Co. v. Centenial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988) (stating that trade libel is "not directed at the Plaintiffs' personal reputation but rather at the goods a Plaintiff sells or the character of his other business."); *See also Leonardini v. Shell Oil Co.*, 216 Cal. App. 3d 547, 572 (1989) (noting that trade libel encompasses: "false statements concerning the quality of services or product of a business..."). Plaintiffs have failed to allege statements that implicate their products or impugn the nature of their business. Instead, all of the Plaintiffs' allegations relate to the Plaintiffs' reputations, and not the goods or services the Plaintiffs sell, or the character of their business. Specifically, the Plaintiffs allege that they "have been gravely injured in their respective abilities to carry out their professions, trades, and occupations and have been exposed to distrust, hatred, contempt, and ridicule (Compl. ¶ 47). Furthermore, the Plaintiffs allege that their "professional reputations...have been severely, pervasively, and permanently harmed" (Compl. ¶ 48). Due to the fact that the Trade Libel applies solely to claims relative to the Plaintiffs' products or character of their business, and not reputation, the statements alleged in the complaint do not support the Plaintiffs' cause of action and, as a result, the Plaintiffs' claim for Trade Libel must be dismissed. *See Lindsey v. Admiral Ins. Co.*, 804 F.Supp. 47, 52 (N.D. Cal. 1992) ("both trade libel and slander of title concern damage to property, not reputation..."); *see also Bridge C.A.T. Scan Assocs. v. Ohio-Nuclear Inc.*, 608 F. Supp. 1187, 1193 n. 15 (S.D.N.Y. 1985) ("an action for trade libel only protects [Plaintiff's] interest in the vendibility of its products, not its general reputation."); *Shores v. Chip Steak Co.*, 130 Cal. App. 2d 627, 630 (1955) ("the distinction between libel and trade libel is that the former concerns the person or reputation of Plaintiff and the later refers to his goods.").

### Statements of Opinion

In addition, the statements by the ANA in the September 18, 2007 press release (Exhibit "M") are statements of opinion by the ANA, and the Plaintiffs have failed to properly plead claim for Trade Libel based on opinions.  To state a claim for Trade Libel based upon a statement of opinion, the Plaintiffs must allege and prove the following:

> "One who without a privilege to do so publishes an opinion which disparages the quality of another's land, chattles, or intangible things under circumstances which make it foreseeable that its publication may influence the conduct of some third person as purchaser or lessee thereof is liable for pecuniary loss resulting to the other from the impairment of vendibility so caused if, but only if, the publisher does not hold the opinion which he expresses."

See Restatement of Torts § 627.  The Plaintiffs have failed to plead that the ANA does not hold the opinion(s) which it expressed and, therefore, have failed to state a claim upon which relief can be granted for Trade Libel based upon statements of opinion.

### Particularity

Furthermore, the Plaintiffs have failed to specifically identify which particular remarks by the ANA they are contending are false, defamatory, malicious, and misleading or whether they are contending that the entire press release is false, defamatory, malicious and misleading.  Moreover, the Plaintiffs have further made conclusory allegations, and allegations of fraud which are not stated with particularity, throughout the claim for Trade Libel and, therefore, the claim must be dismissed. The Plaintiffs have alleged that the statements by the ANA are disparaging and defamatory (¶¶ 39, 43, 45, 46, and 48), misleading, malicious, and outrageous (¶ 42). The Plaintiffs further allege that Defendants have utilized the survey to defame Plaintiffs, unfairly and deceptively obstruct said Plaintiffs ability to have coins graded, and that the survey is 'unfair and deceptive' (See ¶¶ 17, 18,

19, and 27). Additionally, ¶ 29 refers to the Defendant's "false defamatory statements" and "unfair and deceptive trade practices." Foremost, the Plaintiffs' allegations are merely conclusory allegations unsupported by facts and thus, fail to comply with Rule 8 (a)(2) which requires a short and plain statement of the claims showing that the pleaders are entitled to relief. The 11th Circuit has held that, "conclusory allegations will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief." *Wagner v. Daewoo*, 289 F.3d at 1271. Furthermore, Rule 9(b) requires that all averments of fraud, and the circumstances constituting fraud, be stated particularity. *See* Fed.R.Civ.P. 9(b). Said requirement applies not only to claims denominated as "fraud" but also to claims that are "grounded" in fraud or that "sound" in fraud. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). The Plaintiffs' Amended Complaint is clearly grounded in fraud and thus, must satisfy the particularity requirements which necessitate the pleading of: "(1) precisely what statements were made in word documents or oral representation, or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) the same and, (3) the content of such statements... and (4) what the defendants obtained as a consequence of the fraud." *See Ziemba v. Cascade International Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) *quoting Durham v. Bus. Management Assoc.*, 847 F.2d 1505, 1511 (11th Cir. 1988). The Plaintiffs clearly have not met the particularity requirements as they have not stated precisely what statements were made, precisely the time and place of each said statement, the person responsible for making it, the specific content of each statement, and specifically what the Defendants obtained as a consequence of the fraud.

Furthermore, it is improper for the Plaintiffs to lump together all Defendants in their allegations of fraud like the Plaintiffs have done, due to the specific particularity requirements.

The Amended Complaint should have informed each Defendant of the nature of its alleged participation in the fraud. *See Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994); *Brooks v. Blue Cross Blue Shield of Florida Inc., Supra., quoting Divittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2nd Cir. 1987). Thus, due to the fact that the Plaintiffs have made conclusory allegations, allegations of fraud, and have failed to meet the heightened pleading standard requirements of Rule 9(b), the Plaintiffs' claims for Trade Libel must be dismissed.

## *Inferences*

Also, inferences about the Plaintiffs cannot serve as a basis for a claim of Trade Libel. The Plaintiffs allege that, "the press release also permits the inference that Plaintiffs, NNC and ACG, are not reliable and accurate grading services and that they serve as mere vehicles for fraud..." (Compl. ¶ 39). The Plaintiffs are solely alleging that inferences can be made from the press release and the policy established by eBay; however, such inferences cannot support a proper cause of action for trade libel. As discussed above, in order to properly state a claim for trade libel, there must be a publication to some third person by someone not privileged to do so, containing a false or malicious statement of fact which tends to disparage the quality, condition, or value of the property of another. *See State Farm*, 654 So.2d at 948. Thus, in order to properly state a claim for Trade Libel, the Plaintiffs must allege and prove false statements regarding the quality, condition, or value of the property of the Plaintiffs. In contrast, the Plaintiffs have alleged inferences directed to individuals and entities that offer coins for sale on eBay graded by the Plaintiffs and inferences that the Plaintiffs, NNC and ACG, are not reliable and accurate grading services and serve merely as vehicles for fraud. (See Compl. ¶ 39). Allegations of inferences cannot support a claim for Trade Libel and

due to the fact that the Plaintiffs have failed to properly state a claim for Trade Libel upon which relief can be granted, Count II of the Plaintiffs complaint should be dismissed.

## *Exclusion of the Plaintiffs as Coin Graders*

Furthermore, by eBay simply excluding the Plaintiffs from the list of approved graders, and by this Defendant publishing eBay's policy regarding the graders, this Defendant cannot be said to have made a false statement. *See e.g.*, *Hoon v. Pate Construction Co.*, 607 So.2d 423, 428-29 (Fla. App. 1992). In *Hoon,* the Plaintiff alleged that "by announcing that the contract had been awarded to a contractor other than Pate, there was a clear and logical inference and innuendo that the refusal to have Pate construct the project was due to some deficiency of Pate and represented an adverse comment by the Defendant either directly or through their agent on the reputation and abilities of Pate. The court rejected the claim and stated that "we have been cited no authority for the proposition that the 'non-verbal' act of rejecting the lowest dollar bid on a construction project, or any similar 'non-verbal' act, constitutes legally actionable defamation." Although the ANA did publish information about eBay's policy, it only follows logically that, if eBay cannot be liable for its "non-verbal" act of rejecting the Plaintiffs as approved graders, than this Defendant cannot be liable for publishing eBay's policy regarding the same. Thus, the publication of eBay's exclusion of the Plaintiffs from the list of approved graders cannot serve as a basis for the Plaintiffs' claims for Trade Libel.

## *Group Defamation*

Additionally, within Count II of the Plaintiffs' Amended Complaint, the Plaintiffs have referred to statements by the ANA as "defamatory" (See Plaintiffs' Amend. Compl., ¶¶ 39, 41, 46). Foremost, conclusory allegations and unwarranted deductions of fact are not admitted as true and

are sufficient to withstand a dismissal under Rule 12(b)(6). *See South Florida Water Management Dist.* 884 F.3d at 408; *Wagner v. Daewoo Heavy Indus.*, 289 F.3d 1271. Furthermore, the Plaintiffs clearly have not plead facts to support a claim for defamation as any claim by the Plaintiffs for defamation would be a claim for group defamation, and the Plaintiffs have failed to allege that the statements are "of and concerning" the Plaintiffs. Both Florida and Federal cases, dealing with group defamation, consistently hold that a cause of action for group defamation cannot be maintained unless it is shown that the defamatory statements are, "of and concerning" the Plaintiff. *Thomas v. Jacksonville Television, Inc.*, 699 So.2d 800, 805 (Fla. 1st DCA 1997) *citing Rosenblatt v. Baer*, 383 U.S. 75, 86 S.Ct. 669, 15 L. Ed.2d 597 (1966); *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L. Ed.2d 686 (1964); *McIver v. Tallahassee Democrat, Inc.*, 489 So.2d 793, 794 (Fla. 1st DCA), *rev. denied.* 500 So.2d 544 (Fla. 1986); *Hay v. Independent Newspapers, Inc.*, 457 So.2d 294.

In the current Amended Complaint, the Plaintiffs solely allege that there is a reasonable inference as a result of eBay's policy and this Defendant's press release, that the Plaintiffs were engaging in and/or facilitating consumer fraud but have failed to allege, as there is no support to make the allegation, that the statements by the ANA were, "of and concerning" the Plaintiffs[1]. The Court stated in *Thomas*, 699 So.2d at 805: "Plaintiffs face a difficult task when the statements concern a group; when a group is large, that is, composed of twenty-five or more members, courts consistently hold that Plaintiffs cannot show that statements were 'of and concerning' them." *citing AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1005 (4th Cir. 1990);

---

[1] In ¶ 24 of the Plaintiffs' Amended Complaint, the Plaintiffs state that the press release and survey are both defamatory false statements "of and concerning" Plaintiffs, NNC and ACG. Thus, by the Plaintiffs own allegations, the Plaintiffs have failed to plead that the statements are "of and concerning" Treasure Gallery and Centsles and, at the very least, their claims have not been properly plead.

*Anyanwu v. Columbia Broadcasting System, Inc.*, 887 F.Supp. 690, 692 (S.D.N.Y. 1995). Given the factual basis for the Plaintiffs' allegations, potentially any grader of coins or business which was involved in the buying and selling of coins on eBay, other than the four entities which are considered "approved graders" pursuant to eBay's policy, would have a claim for defamation against the Defendants and, as a result, the Plaintiffs are part of an enormous group too large in size for this Defendant to specifically enumerate. Most importantly, and due to the size of this group, in order for the Plaintiffs to properly plead a cause of action against this Defendant for defamation, they would have to plead and prove that the libelous statements are "of and concerning" the Plaintiffs which they cannot. Moreover, the Exhibits "C" and "M" to the Plaintiffs' Amended Complaint directly contradict any allegation that the ANA made statements "of an concerning" the Plaintiffs and as a result, they render those render those allegations a nullity, and render the Complaint subject to dismissal. *See Shelton*, 79 So. 75 (Fla. 1918); *Southeast Med. Products*, 718 So.2d 306 (Fla. 2nd DCA 1998); *Franz Tractor*, 566 So.2d 524 (Fla. 2nd DCA 1990)   Thus, due to the fact that the Plaintiffs have failed to allege any statements which specifically identify and describe them, their claims for Trade Libel and allegations of defamation must be dismissed.

**B.**  **Count II of the Plaintiffs' Amended Complaint for Conspiracy to Commit Trade Libel should be dismissed.**

The Plaintiffs' Civil Conspiracy to Commit Trade Libel claim fails as the Plaintiffs have not properly alleged any underlying tort and, in addition, have failed to meet the particularity requirements. To allege a claim for Civil Conspiracy based on Trade Libel, a Plaintiff must first properly allege the elements of the underlying tort of Trade Libel and, as discussed above, the Plaintiffs have failed to meet that requirement. *See Buckner v. Lower Florida Keys Hospital*, 403 So.2d 1025, 1027 (Fla. 3rd DCA 1981); *See e.g. Ovadia v. Bloom*, 756 So.2d 137, 140: ("The

conspiracy to defame claim cannot stand where, as here, the defamation action fails"). Accordingly, all the elements of an underlying tort must be plead and proven. *See Davis v. Hilton*, 780 So.2d 974, 975 (Fla. 4th DCA 2001); *Liappas v. Augoustis*, 47 So.2d 582, 582 (Fla. 1950) ("an act which constitutes no ground of action against one person cannot be made the basis of a civil action for conspiracy"). There being no Trade Libel, the gist of the Trade Libel Conspiracy, there can be no conspiracy claim. *See Buckner*, 403 So.2d at 1027. Thus, due to the fact that the Plaintiffs have failed to properly allege the elements of the underlying tort of Trade Libel, the Plaintiffs' claims for Conspiracy to Commit Trade Libel must be dismissed.

The Plaintiffs have failed to properly plead their claims for Civil Conspiracy. In order to adequately state a Civil Conspiracy claim, the Plaintiffs must allege that: (1) two or more parties agreed to commit an unlawful act or to do a lawful act by unlawful means; (2) an overt act in furtherance of the conspiracy was done; and (3) resulting injury to the Plaintiff. *See American Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007); *Bivins Gardens Office Building, Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 912 (11th Cir. 1998). To state a claim for civil conspiracy, Plaintiffs may not simply aver that a conspiracy existed. *See Primerica Financial Serv., Inc. v. Mitchell*, 48 F. Supp. 2d 1363, 1369 (S.D. Fla. 1999). Allegations of Civil Conspiracy must be clear, positive and specific, and general allegations of conspiracy are inadequate. *See World Class Yachts, Inc. v. Murphy*, 731 So.2d 798 (Fla. 4th DCA 1999). Furthermore, Florida does not recognize an independent action for conspiracy in most cases. *See Behrman v. Allstate Ins. Co.*, 388 F. Supp. 2d 1346 (S.D. Fla. 2005). The Plaintiffs have failed to plead their Civil Conspiracy claims with particularity as the allegations are not clear, positive, and specific.

In addition, the allegations of conspiracy are governed by the pleading requirements for fraud

and the circumstances constituting fraud must be stated with such particularity as the circumstances may permit. *See Ocala Loan Company v. Smith*, 155 So.2d 711, 716 (Fla. 1st DCA 1963); Fla. R. Civ. P. 1.120 (b); *Myers v. Myers*, 652 So.2d 1214, 1215-16 (Fla. 5th DCA 1995); Fed. R. Civ. P. 9(b). The Plaintiffs have failed to adequately plead the elements of conspiracy with the requisite particularity as to this Defendant, the ANA, as the Plaintiffs' Amended Complaint gives vague references to portions of statements, consistently jumbles the claims against all Defendants, and utilizes the word "Defendants" throughout the Amended Complaint. The jumbling of claims and utilizing these "key words" is insufficient to allege a claim for conspiracy, and violates the requirement of Rule 8, Fed.R.Civ.P. that requires a "short and plain statement of the claims showing that the pleader is entitled to relief." The Plaintiffs must provide some factual basis for their legal conclusion that a conspiracy existed. *See Primerica* 48 F. Supp. 2d. at 1369. The Plaintiffs have failed to meet that requirement in the current case and as a result, the Plaintiffs' claims for Civil Conspiracy to commit Trade Libel must be dismissed..

Last, the Plaintiffs' complaints of conspiracy fail to allege sufficient ultimate facts to establish that the Defendant, ANA, did an unlawful act or a lawful act by unlawful means, which is one of the main requirements to properly plead a cause of action for conspiracy. As discussed above, the Plaintiffs' claims are based upon the PNG/ICTA survey and the ANA September 18, 2007 press release. However, the PNG/ICTA survey is a statement of opinions, as well as opinions from individuals that are not agents, employees, or otherwise, of the Defendant, ANA, and thus, they do not provide a basis for Conspiracy to Commit Trade Libel against ANA. Likewise, the press release discussing eBay's policy, and ultimately eBay's choice to utilize other grading services other than those of the Plaintiffs, is not sufficient grounds for Conspiracy to Commit Trade Libel. Just as the

court stated in *Hoon*, the 'non-verbal' act of rejecting the lowest dollar on a construction project, or similar 'non-verbal' act, does not constitute legally actionable claim for defamation and if eBay's actions do not constitute an unlawful act, or a lawful act by unlawful means, then this Defendant cannot be liable for publishing eBay's policy regarding the same. Thus, the Plaintiff's have failed to allege sufficient ultimate facts to support a claim for Civil Conspiracy.

C.    **Count III of the Plaintiffs' claim for Unfair and Deceptive Trade Practices Act must be dismissed as the Plaintiffs have failed to state a claim upon which relief can be granted.**

The Plaintiffs' third claim, for violation of the Florida Deceptive and Unfair Trade Practices Act, "FDUTPA", fails because the Plaintiffs have not, and cannot, plead the essential elements of the claim. In order to properly plead a claim under FDUTPA, "a party must allege: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2nd DCA 2006). FDUTPA states, "unfair methods of competition, unconscionable acts or practices, and unfair deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. *See Fla. Stat. § 501.204* (Fla. 2006). The Plaintiffs have not alleged the type of claim that the FDUTPA is aimed at or addresses, as it is a consumer protection statute aimed at unfair trade practices in the market place. *See Rollins* 951 So.2d at 869. "Trade or commerce" is defined in the Act as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or in the property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situation." *Fla. Stat. § 501.203* (8). The Plaintiffs solely make a conclusory allegation in Count III of their Amended Complaint, that Defendants have engaged and continue to engage in unfair and deceptive trade practices in the conduct of trade and business, as described in ¶¶ 17-21 and ¶¶ 23-29 above, in violation of Fla. Stat.

§ 501.204 (1). (Compl. ¶ 51). However, upon review of ¶¶ 17-21 and ¶¶ 23-29 of the Plaintiffs' Amended Complaint, it is clear that the Plaintiffs have failed to plead any specific facts against the ANA which would bring their claims within the purpose of the Act. The Plaintiffs have not pled that this Defendant engaged in "trade or commerce" as defined by the Act. The Plaintiffs and this Defendant are not in a consumer-transaction relationship and the conduct alleged in ¶¶ 17-21 and ¶¶ 23-29 of the Amended Complaint is not the type of "market based" conduct to which the FDUTPA is directed. The Plaintiffs have not alleged that the ANA advertised, solicited, provided, offered, or distributed and good or service, or any other article, commodity, or thing of value. The Plaintiffs solely allege that the Defendants have "engaged and continue to engage in unfair and deceptive trade practices in the conduct of trade and business as described in ¶ 17-21 and ¶¶ 23-29, above, in violation of Florida Statutes § 501.204 (1)." ( Compl. ¶ 51). In order to be in violation of the Florida Unfair and Deceptive Trade Practices Act, this Defendant must be involved in "trade or commerce" and due to the fact that the Plaintiffs have failed to properly plead that the ANA was involved in "trade or commerce" the Plaintiffs have failed to state a claim upon which relief can be granted.

Moreover, the Plaintiffs have failed to set forth any facts that the ANA engaged in any deceptive act or unfair practice in trade or commerce, and the Plaintiffs have solely made conclusory allegations. A deceptive act is "one that is likely to mislead consumers." *Rollins*, 951 So.2d at 869. Furthermore, an unfair practice is "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Id.* As the Eleventh Circuit Court of Appeal has stated, "[t]he central aim of the Florida Statute is to 'make consumers whole for losses caused by fraudulent consumer practices'." *Donald Frederick Evans and*

*Assoc., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 915-16 (11th Cir. 1986). However, this claim is not being brought by consumers but is solely being brought by dealers and graders who are contending that they cannot sell ACG or NNC coins on eBay as "certified coins".

Furthermore, The Plaintiffs, CENTSLES and TREASURE GALLERY, have failed to allege that the ANA misled consumers and, as a result, have failed to properly plead that the ANA committed a deceptive act. Likewise, the Plaintiffs, CENTSLES and TREASURE GALLERY have failed to allege that the ANA committed an act that offends an established public policy, or one that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers and, therefore, they have failed to properly allege that the ANA committed an unfair practice[2]. Clearly, if the Plaintiffs have failed to allege an unfair act, or a deceptive act, they have failed to properly plead a cause of action under the Florida Deceptive and Unfair Trade Practices Act.

Last, the Plaintiffs' FDUTPA claim is defective because it fails to adequately plead and seek damages which are recoverable under the Act. Under FDUTPA, a consumer may recover only actual damages for unfair trade practices. Section 502.211 (2), Fla. Stat. 2007; *Stires v Carnival Corp.*, 243 F.Supp. 2d 1313, 1321 (N.D. Fla. 2002). Courts define "actual damages" as follows:

> "Generally, the measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties."

*Urling v. Helms Exterminators, Inc.*, 468 So.2d 451, 454 (Fla. 1st DCA 1985). Here the Plaintiffs are seeking injunctive relief as well as "actual damages plus attorney's fees and court costs" (Compl. ¶ 59.) Said damages are improper under the Act and, as a result, the Plaintiffs claims for violation

---

[2]    In ¶ 52 the Plaintiffs ACG and NNC plead deception and that consumers have been mislead. This allegation is not made by Centsles and Treasure Gallery.

of FDUTPA must be dismissed.

## CONCLUSION

The Plaintiffs' Amended Complaint must be dismissed in its entirety because the Plaintiffs have failed to state a single claim upon which relief can be granted and, thus, must be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) in all respects.

Fulmer, LeRoy, Albee, Baumann & Glass, P.L.C.
910 North Ferncreek Avenue
Orlando, Florida 32803
Telephone: 407-264-7070
Facsimile: 407-264-7071

By:    /s Zachary A. Leacox
       Zachary A. Leacox, Esquire
       (Florida Bar No.: 0548571)
       zleacox@fulmerleroy.com

*Counsel for American Numismatic*
*Association*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a Notice of Electronic Filing to: **DANIEL N. BRODERSEN, ESQUIRE**, Beusee Wolter Sanks Mora & Maire, P.A., 390 N. Orange Avenue, Suite 2500, Orlando, Florida 32801; **JUDITH M. MERCIER, ESQUIRE**, Holland & Knight, LLP, 200 South Orange Avenue, Suite 2600, P.O. Box 1526 (Zip 32802-1526), Orlando, Florida 32801; **TERRY M. SANKS, ESQUIRE,** Beusse, Wolter, Sanks, Mora & Maire, P.A., 390 N. Orange Avenue, Suite 2500, Orlando, Florida 32801, **ROBERT E. O'QUINN, ESQUIRE**, Cole, Scott & Kissane, P.A., 1805 Copeland Street, Jacksonville, Florida 32204.

/s/ Zachary A. Leacox, Esquire