UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL NUMISMATIC CERTIFICATION, LLC
 Florida Limited Liability Company, ASA
ACCUGRADE, INC., a Florida corporation,
TREASURE GALLERY, INC., a Florida corporation,
and CENTSLES, INC., a Florida corporation,

     Plaintiffs,     CASE NO.: 6:08-cv-00042-PCF-GJK

vs.

EBAY, INC., a foreign corporation,
AMERICAN NUMISMATIC ASSOCIATION, a
foreign non-profit association, and PROFESSIONAL
NUMISMATISTS GUILD, INC., a foreign corporation,

     Defendants.

_____/


**MEMORANDUM IN OPPOSITION TO DEFENDANT EBAY'S FED.R.CIV.P. 12(b)(6)
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

   COME NOW the Plaintiffs, NATIONAL NUMISMATIC CERTIFICATION, LLC, a

Florida Limited Liability Company ("NNC"), ASA ACCUGRADE, INC., a Florida

corporation ("ACG"), TREASURE GALLERY, INC., a Florida corporation ("TREASURE

GALLERY"), and CENTSLES, INC., a Florida corporation ("CENTSLES"), by and

through their undersigned attorneys, and hereby files this Memorandum in Opposition to

Defendant EBAY, INC.'s ("eBay") Fed.R.Civ.P 12(b)(6) Motion to Dismiss Plaintiffs' First

Amended Complaint and state:

## I.    INTRODUCTION

This is an action for trade libel, conspiracy to commit trade libel, and for Defendants' violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Plaintiffs seek damages, including attorney's fees under FDUTPA, and injunctive relief against the Defendants.

eBay has moved to dismiss Plaintiffs' First Amended Complaint pursuant to Fed.R.Civ.P 12(b)(6) on the purported grounds that Plaintiffs have failed to state a claim upon which relief can be granted. For each of the reasons set forth below, Plaintiffs respectfully submit that the Court should enter its Order denying eBay's Motion to Dismiss in its entirety.

## II.    STANDARD FOR FED.R.CIV.P. 12(b)(6) MOTION TO DISMISS

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), this Court must confine its analysis to the allegations as stated in the complaint. The Court must accept the well-plead allegations as true and resolve all factual issues in favor of the non-moving party. *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir. 1994); *GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993). The threshold of sufficiency that a complaint must meet is exceedingly low.  Accordingly, a claim may be dismissed pursuant to Rule 12(b)(6) only if it is clear that no relief can be granted under any facts consistent with the allegations.  *Conley v. Gibson,* 355 U.S. 41, 44-45 (1957).

In order to state a claim upon which relief may be granted, Fed.R.Civ.P. 8(a) requires a short and plain statement of the claim showing that the pleader is entitled to

relief. *Burch v. Appalachee Community Mental Health Servs., Inc.*, 840 F.2d 797, 798 (11th Cir. 1988). The court must take the material allegations of the complaint and its incorporated exhibits as true, and liberally construe the complaint in favor of the plaintiff. *Id.* The accepted rule for appraising the sufficiency of a complaint is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *S.E.C. v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir. 1988). The moving party bears a heavy burden. *St. Joseph's Hosp., Inc. v. Hospital Corp. of Am.,* 795 F.2d 948, 953 (11th Cir. 1986).

III.    **THE AMENDED COMPLAINT SUFICIENTLY PLEADS CLAIMS FOR CIVIL CONSPIRACY, TRADE LIBEL AND VIOLATION OF FDUTPA**

eBay asserts that none of the causes of action alleged by Plaintiffs in the First Amended Complaint state a claim against it upon which relief can properly be granted. Plaintiffs have addressed each of the eBay's arguments below in the order they are made in the Motion to Dismiss under consideration by the Court.

A.    **Section 230 of the Communications Decency Act does not immunize eBay for its conduct**

The primary goal in enacting Section 230 of the Communications Decency Act was to "control the exposure of minors to indecent material." *See Batzel v. Smith*, 333 F.3d 1018, 1026 (9th Cir. 2003). Additionally, as stated in § 230(b)(2), one of the policy considerations of Section 230 was to "preserve the vibrant and competitive free market" by promoting the development of e-commerce. 47 U.S.C. § 230(b)(2); *Batzel* at 1027.

In meeting these goals, Section 230 provides protection for "Good Samaritan

blocking and screening of offensive material." *See* 47 U.S.C. § 230(c).  Section 230(c) has two basic sections.  The first, §230(c)(1), states that the provider or user of an "interactive computer service" shall not be considered the publisher or speaker of "information" provided  by another.  The second section, §230(c)(2), provides immunity for liability for those that restrict access to content considered "obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable."  These adjectives are in harmony with the Act's express and primary mission to prevent minors from being exposed to such content on the Internet.

eBay is attempting to use the immunity provided by Section 230, not to immunize it from some good faith act to prevent minors from encountering lewd content, but rather to stifle the competitive free market and to defame honest and well-respected businesses.

### 1.      *eBay did not make good faith efforts to restrict the availability of offensive material, therefore §230(c)(2) does not apply to eBay.*

eBay states that its tortious actions are exactly the type of behavior that "Congress sought to encourage." *See* Dkt. 52, p. 9.  When addressing its actions under § 230(c)(2), eBay consistently states that it was merely removing "objectionable" material, and such removal is protected by § 230(c)(2).  This argument ignores two very important points.

First, eBay fails to read (c)(2) in its entirety when it touts its efforts to screen content.  Section 230(c)(2)(A) contains a list of seven examples of the type of "offensive material" Congress intended to prevent minors from encountering.  These seven

examples include content that is 1) obscene, 2) lewd, 3) lascivious, 4) filthy, 5) excessively violent, 6) harassing, and 7) otherwise objectionable.  eBay contends that its actions fall under the seventh example, content that is otherwise objectionable.  *See* Dkt. 52, p. 9.  This selective interpretation of 230(c)(2) ignores the scope and purpose of the Communications Decency Act.  Plaintiffs coins are certainly not lewd and lascivious, and eBay's argument that they are "otherwise objectionable" is, at best, based on an extremely strained reading of 230(c)(2).

While most cases involving Section 230 seem to center on 230(c)(1) (the publisher/speaker issue addressed below), there are cases with 230(c)(2) implications that show what "otherwise objectionable" content really is.  For example, in *Langdon v. Google*, the District of Delaware found that Google's removal of advertisements that Google characterized as "advocat[ing] against an individual, group, or organization" fell into the "otherwise objectionable" category under § 230(c)(2)(A).  *See Langdon v. Google*, 474 F. Supp 2d. 622 (D. Del. 2007).  eBay's argument that the supposed violation of its policies automatically turns auctions into "objectionable content" is certainly not consistent  with Congress' stated goals of encouraging the free market of e-commerce and preventing access of filthy content to minors.  As the Ninth Circuit has stated, "section [230(c)] is titled 'Protection for 'good samaritan' blocking and screening of offensive material' and, as the Seventh Circuit recently held, the substance of section 230(c) can and should be interpreted consistent with its caption."  *See Fair Housing Council of San Fernando Valley v. Roommate.com,* 2008 U.S. App. LEXIS 7066, *10 (9th Cir. April 3, 2008).  With that guidance, it borders on  preposterous to suggest that

an auction for a 1971 Kennedy Half-Dollar coin could ever be considered "offensive material" as intended by Congress.

Second, even if eBay would be immune under §230(c)(2) for the sole act of removing auctions that it inexplicably deemed "offensive," eBay has done much more than simply remove content in the instant case.  There are two acts at issue.  The first is eBay's removal of content.   The second is eBay's subsequent defamatory e-mail to sellers in which their coins are labeled as counterfeit.  In publishing its own defamatory statements after the removal of the auctions, eBay can no longer play the part of the innocent Good Samaritan seeking to scrub the Internet of filth.   Rather, eBay has crossed a line and has become a statutory information content provider in its own right.

> **2.    eBay is the publisher and speaker of the defamatory statements because eBay itself created and provided the statements, therefore §230(c)(1) does not apply to eBay.**

Section 230 will not immunize eBay when it provides defamatory content.  *See Mazur v. eBay*, 2008 U.S. Dist. LEXIS 16561 (N.D. Cal. March 4, 2008).  In *Mazur*, the court stated that eBay "may be both an interactive computer service as well as an information content provider" and that "[t]he CDA does not immunize eBay for its own fraudulent conduct."  *Id*. at *27-28.  The *Mazur* court recognized the difference between an interactive computer service exercising a screening function and that same service making statements "of its own volition."  *Id*. at 30, 37.  Essentially, eBay may not make defamatory statements as an information content provider and then attempt to hide behind its concurrent status as an interactive computer service.

Just as it may be well-settled that an interactive computer service is not liable for

content that it *did not* create, it is also equally well-settled that such a service *is* liable for the content *it did* create. Even courts that have issued opposite rulings on the issue of liability are in agreement. Two recent cases out of the Ninth and Seventh Circuits reflect such agreement. In *Chicago Lawyers' Committee for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, Judge Easterbrook, citing an earlier Seventh Circuit decision, recognized that "an entity would become a 'publisher or speaker' and lose the benefit of § 230(c)(2) if it created the objectionable information." *See* 2008 U.S. App. LEXIS 5472, *9 (7th Cir. March 14, 2008) quoting *Doe v. GTE Corp.*, 347 F.3d 655 (7th Cir. 2003). While Craigslist was ultimately not liable because the court found that it did not create the content at issue, Judge Easterbrook recognized that when content does not come from a third party, as here, then § 230 will not apply. Similarly, in *Fair Housing Council of San Fernando Valley v. Roommate.com, LLC*, Judge Kozinski stated that "a website operator can be both a service provider and a content provider…[A]s to content that it creates itself, or is responsible, in whole or in part, for creating or developing, the website is also a content provider." *See* 2008 U.S. App. LEXIS 7066, *6,7 (9th Cir. April 3, 2008).

Such dual-status, where an interactive computer service is not immune as an information content provider, has been recognized within this very judicial district. In *Whitney Information Network, Inc. v. Xcentric Ventures, LLC*, the Middle District of Florida properly framed the critical issue in that case as "whether the individuals submitting posts to the [defendant's] website were the sole information content providers of the postings about [the plaintiff], or whether the Defendants were

responsible, in whole or in part, for the creation or development of the information contained in these postings."  2008 U.S. Dist. LEXIS 11632 at *33-34 (M.D. Florida February 15, 2008).  The facts of the instant case answer that question affirmatively.  As stated in the First Amended Complaint, eBay is an information content provider when it sends its defamatory e-mail to sellers whose auctions have been removed.  *See* First Amended Complaint, ¶ 19, 20.  eBay is responsible "in whole or in part" for stating "eBay Listing Removed: Counterfeit Currency and Stamps" and thus falsely labeling Plaintiffs' coins as counterfeit.  *See* First Amended Complaint, Exhibits "J" and "L."  It bears repeating that "[t]he CDA will not immunize eBay for its own fraudulent conduct" nor will the CDA immunize eBay for its own defamatory statements.  *See Mazur* at *27-28.

**B.**    **Plaintiffs have properly plead a cause of action for Trade Libel**

Count II of the Amended Complaint properly pleads a cause of action for trade libel against eBay.  Defendant eBay argues that 1) Plaintiffs failed to allege that eBay made a particular statement and that any statement it made was false, 2) Plaintiffs have failed to sufficiently allege that eBay made false statements  "of and concerning" the Plaintiffs, 3) Plaintiffs failed to allege sufficient facts to show that eBay published the alleged statements, 4) Plaintiffs' failed to allege that eBay knew the allegedly false information was false, and 5) Plaintiffs' failed to plead special damages.

*1.    Plaintiffs properly alleged the particular statement made by eBay and that the statement was false.*

eBay's e-mail statements to Plaintiffs and Plaintiffs' customers proclaiming "eBay

Listing Removed: Counterfeit Currency and Stamps" is actionable defamation in Florida. *See Atkinson v. Equitable Life Assurance Society of the United States*, 519 F.2d 1112, 1118 (5th Cir. 1974); First Amended Complaint ¶19, Exhibit "J."  Defendant eBay's Motion to Dismiss overlooks Plaintiffs' clear allegations that the e-mail statements sent *by* eBay *to* Plaintiff sellers and others selling Plaintiff graders' coins constitutes actionable libel *per se*.  Defendant eBay attempts to minimize its role in defaming Plaintiffs by stating that eBay "merely exclud[ed] the Plaintiffs from the list of approved graders" and that such exclusion is not a statement, however eBay did more than exclude the Plaintiffs when it sent e-mail messages to listers and bidders, including Plaintiffs.  *See* Dkt. 52, p. 13.

eBay's supporting case law is not helpful in the instant case due to the narrow application found within it.  For example, in *Hoon v. Pate Construction Co.*, the court found that the simple act of defendant rejecting plaintiff's bid in a construction project was not actionable defamation.  *See* 607 So. 2d 423, 428-29 (Fla. 4th DCA 1992). Here, eBay did more than "merely" exclude the Plaintiffs.  As properly pled in Plaintiffs' First Amended Complaint, eBay explicitly sent e-mails to Plaintiffs and Plaintiffs' customers with the subject line "eBay Listing Removed: Counterfeit Currency and Stamps."  *See* First Amended Complaint ¶ 19, Exhibit "J."  eBay states that the e-mail cannot be considered a "statement" and that Plaintiffs have failed to allege that such a statement is false.  *See* Dkt. 52, pp. 12, 13.

Plaintiffs properly pled that eBay's e-mail messages are false statements.  *See* First Amended Complaint, ¶¶19, 20.  eBay's statements "should be construed as the

common mind would naturally understand" them. *Richard v. Gray*, 62 So. 2d 597 (Fla. 1953) (finding it erroneous to have dismissed plaintiff's complaint when defendant's statements imputed dishonesty on the plaintiff). eBay treats Plaintiffs' use of the term "infer" as if it is fatal to Plaintiffs' claim. [1]  Simply because Plaintiffs used the term "infer" does not mean that the "common mind" would not conclude that eBay imputed dishonest conduct onto the Plaintiffs. *Id*. Whatever term Defendant eBay prefers to use – infer, conclude, understand, etc – the common mind reading the e-mail would conclude that the auction was pulled because the coins were counterfeit. Other courts addressing defamation *per se* have reached similar conclusions and, have in fact used the word "infer" when addressing the issue. *See Wolfson v. Kirk*, 273 So. 2d 774, 778 (Fla. 4th DCA 1973) (stating "we conclude, however, that from the language of the comment, it does not seem unreasonable to infer that persons hearing the same and possessed of a common mind might have taken it to mean that the plaintiff was a person with whom commercial relations were undesirable" and that if the communication "is reasonably susceptible of a meaning which is defamatory, it is for the trier of fact to decide whether or not the communication was understood in the defamatory sense"); *Perry v. Cosgrove*, 464 So. 2d 664, 666 (Fla. 2d DCA 1985) (in addressing libel *per se*, "a person of common mind might have construed [the statements] to mean that [Plaintiff] had conducted himself in a shameful manner, or in a

---

[1] It is possible that Defendant eBay is confusing "infer" with "innuendo." According to Black's Law Dictionary (Second Pocket Edition, 2001), "infer" means "to conclude from facts or factual reasoning." As shown, it is reasonable for persons receiving eBay's statements "to conclude from factual reasoning" (infer) that eBay labeled Plaintiffs' goods as counterfeit. On the other hand, "innuendo" is "the plaintiff's explanation of a statement's defamatory meaning when that meaning is not apparent from the statement's face." *Id*. Innuendo is not required in the instant case since the meaning is apparent from the face of eBay's statements.

manner inconsistent with the proper exercise of his profession).

In determining the characteristics of the "common mind," it is appropriate to consider the "medium by which the statement is disseminated and the audience to which it is published." *See Rapp v. Jews for Jesus*, 944 So. 2d 460, 465 (Fla. 4th DCA 2006) quoting *From v. Tallahassee Democrat, Inc.* 400 So. 2d 52, 57 (Fla. 4th DCA 1981). The audience here is consumers and sellers obviously concerned about the integrity of the goods they buy and sell – just as any other online purchaser would be. To clearly state (or even suggest) that Plaintiffs' goods are counterfeit is devastating to Plaintiffs' business, and Plaintiffs have suffered because of eBay's statements. *See* First Amended Complaint ¶¶ 20, 22, 48.

### 2. *Plaintiffs have sufficiently alleged that eBay made false statements "of and concerning" Plaintiffs.*

eBay suggests that Plaintiffs are attempting a "group defamation" claim and that Plaintiffs have not shown that eBay's e-mailed statements were of and concerning the Plaintiffs. *See* Dkt. 52 pp. 14-15. This creative assertion fails to consider the reality of the facts in this case. Florida courts that have addressed group defamation generally cite Section 564A of the Restatement (Second) of Torts which assigns liability when a group is defamed and "the circumstances of publication reasonably give rise to the conclusion that there is particular reference to the member." *See Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 804 (Fla. 1st DCA 1997). Here, there is no need to determine whether eBay's defamatory statements "particularly reference" a member of a group because each of eBay's defamatory e-mail statements is directed

toward the individual Plaintiffs.  Put simply, the claim against eBay is not group defamation because eBay's statements do not concern a group, rather, they concern the individual Plaintiffs associated with individual auctions.  If Plaintiff sellers TREASURE GALLERY or CENTSLES receive one of eBay's defamatory e-mail messages due to a removed auction, there is no mistaking that the subject "Counterfeit Currency and Stamps" refers to the Plaintiffs.  Since eBay is concluding that the coin is counterfeit, then it stands to reason that the seller of the coin and the service that graded it must be, according to eBay, taking the opportunity to commit fraud via counterfeit coins.  As paragraph 26 of Plaintiffs' First Amended Complaint clearly states, eBay's statements are "of and concerning" the Plaintiffs due to the reasonable conclusion that readers of eBay's statements must necessarily come to when an auction is removed under the heading "Counterfeit Currency and Stamps."

When, as here, a jury may reasonably interpret statements to be of and concerning the Plaintiffs, dismissal is not appropriate.  *See La Luna Enterprises, Inc. v. CBS Corp.*, 74 F.Supp.2d 384, 391 (S.D.N.Y.1999) (applying Florida law in deciding whether statements were "of and concerning" the Plaintiff and stating that "any doubt as to the defamatory effect of [a] publication should be resolved by the common mind of the jury, and not even by the most carefully considered judicial pronouncement") (citing *Church of Scientology of California v. Cazares*, 638 F.2d 1272, 1286 (5th Cir 1981).

### 3.  *Plaintiffs sufficiently alleged that eBay published the statements*

For purposes of defamation, "publication" occurred when eBay intentionally

communicated its defamatory statements, via e-mail, to persons other than those defamed. *See Doe v. Am. Online, Inc.*, 783 So. 2d 1010, 1016 (Fla. 2001). By eBay's own admission, its policies include the sending of the defamatory e-mail to sellers allegedly in violation of eBay's unfair coin policy. *See* Dkt. 52, pp. 4, 5. This e-mail is automatically sent to any and all sellers whose auctions are removed by eBay in supposed violation of the coin policy. For example, if third party "X" lists a coin graded by Plaintiff graders and eBay removes it, then that third party will receive the defamatory e-mail. This is an intentional communication of the defamatory statement to a person other than the defamed parties. Defendant eBay's own Motion to Dismiss is in agreement. *See* Dkt. 52, pg. 16; citing *Tyler v. Garris*, 292 So. 2d 427 (Fla. 4th DCA 1974) ("the only requirement is that the defamatory matter must have been communicated to some third person in order for same to be actionable"). Plaintiffs have clearly plead such communication. *See* First Amended Complaint, ¶ 25 (eBay published the e-mail to "third party dealers and bidders"), ¶ 26 (eBay published the e-mail to dealers as well as existing and potential customers of the Plaintiffs), ¶ 40 (eBay sends the e-mail to third party dealers). Also, Exhibit "J" of Plaintiffs' First Amended Complaint unmistakably provides an example of the defamatory e-mail as disseminated, published, and/or communicated to a third party.

Defendant eBay also alleges that Plaintiffs failed to show that the defamatory e-mail "would lead to a conclusion that the listed coins were counterfeit." *See* Dkt. 52, pg. 16. As shown and referenced in Section B(1) *supra* Plaintiffs have clearly pled and demonstrated the devastating effect that eBay's defamatory statements have on the

"common mind" of those persons reading the statements.

**4.    eBay knew or should have known that the statements were false**

A group of torts recognized under the collective title of injurious falsehood include the cause of action for trade libel. *Salit v. Ruden*, 742 So.2d 381, 386 (Fla. 4th DCA 1999).  The gist of trade libel is the "intentional interference with another's economic relations." *Id.* One who publishes a false statement of fact or a mixed expression of opinion harmful to the interests of another is liable for the pecuniary loss caused by such publication if he knows *or should know* that it will result in a loss of business or something of value and he knows that the statement published is false or acts with reckless disregard as to its truth or falsity. *Id.* (emphasis added) *citing W. Page Keeton, et al.*, *Prosser and Keeton on The Law of Torts* § 128 at 970 (5th ed. 1984).  To support its argument that eBay must have "improper motive or bad faith" in publishing its defamatory statements, Defendant eBay has selectively interpreted its primary supporting case law.  *See* Dkt. 52, pg. 17.  Defendant eBay relies on *Collier County Publishing v. Chapman* for the proposition that "improper intent or bad faith" is a requirement for trade libel.  *Id.*  This is a mischaracterization of *Collier County Publishing*.  While that case does cite a law review article which uses the phrase "improper intent … or bad faith," the court also noted that the same law review article discusses trade libel liability when defendants make reckless statements or statements in conscious ignorance of the truth.  *See Collier County Publishing v. Chapman*, 318 So. 2d 492, 494-95 (Fla. 2d DCA 1975).  Furthermore, the *Collier* court found no error in the

lower court's jury instruction that malice (a standard required for media defendants, unlike in this case) could be found if the false publication was made "wantonly" or in reckless disregard of the plaintiff's rights. *Id*.

Defendant eBay also mischaracterizes the *Border Collie Rescue* case it cited for the proposition that "a plaintiff must allege that defendants knew the allegedly libelous information was false and intended to induce others to rely on the false information." *See* Dkt. 52, pg. 17 citing *Border Collie Rescue, Inc. v. Ryan*, 418 F. Supp. 2d 1330, 1348 (M.D. Fla. 2006). In fact, *Border Collie Rescue* states:

> To state a valid claim of trade libel, plaintiffs must allege: (1) a falsehood; (2) has been published, or communicated to a third person; (3) when the defendant-publisher knows or reasonably should know that it will likely result in inducing others not to deal with the plaintiff; (4) in fact, the falsehood does play a material and substantial part in inducing others not to deal with the plaintiff; and (5) special damages are proximately caused as a result of the published falsehood."
> *Border Collie Rescue* at 1348.

Defendant eBay "reasonably should know" that branding Plaintiffs as counterfeiters would likely induce others not to deal with the Plaintiffs. Additionally, as alleged in the First Amended Complaint, Plaintiffs have already encountered such discrimination. *See* First Amended Complaint, ¶¶ 20, 47, 48, and Exhibit "K."

### 5. *Plaintiffs are not required to plead special damages, but Plaintiffs have sufficiently pled special damages anyway*

Plaintiffs' Amended Complaint properly alleges that the Plaintiffs' business reputations have been harmed by eBay's defamatory statements and that Plaintiffs have suffered pecuniary loss. *See Diplomat Elec., Inc. v. Westinghouse Elec. Supply Co.*, 378 F.2d 377, 380 (5th Cir.1967) (stating that it is "well settled" in Florida that the

business reputation of a corporation may be injured by written or oral defamatory matter "which tends to prejudice it in the conduct of its trade or business, or to deter third persons from dealing with it."); *Kilgore Ace Hardware, Inc. v. Newsome*, 352 So. 2d 918, 920 (Fla. 2d DCA 1977) ("With respect to the *trade libel* or slander count, it is now well recognized that a person, and a corporation as well, may recover damages for injuries suffered because of written or oral publication of false *defamatory matter which tends to be prejudicial in the conduct of a trade or business* or to *deter third persons from dealing in business with him*) (emphasis added). This is exactly the type of damage being experienced by Plaintiffs. eBay's statements at issue are that Plaintiffs are dealing in counterfeit coins such that the world's largest Internet auction site has enacted a policy "decertifying" NNC and ACG and prohibiting TREASURE GALLERY and CENTSLES from listing ACG and NNC-graded coins as certified coins. The harm from such statements cannot be overstated. Plaintiffs' allegations establish that as a result of the defamatory statements, Plaintiffs have supposedly availed themselves of the opportunity to commit fraud and that NNC, ACG, TREASURE GALLERY and CENTSLES have been branded as counterfeiters not worthy to list their graded coins on eBay, therefore coins graded by NNC and ACG have been rendered nearly worthless. In fact, Plaintiffs have thousands of coins that they are no longer able to sell on eBay for their full value. *See* Exhibits "K," "M," First Amended Complaint ¶¶ 22-25. This is a "realized" pecuniary loss of the type required in trade libel cases. *See Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 388 (Fla. 4th DCA 1999).

Regardless of Defendant eBay's definition of "special damages," this very Court

has addressed the issue of special damages in trade libel (injurious falsehood) claims. To the extent that it remains necessary in a trade libel action to plead "special damages" in light of Fed.R.Civ.P. 8(a), allegations explaining the nature of the damages incurred by the claimant suffice at the pleading stage. In vacating an order requiring special damages to be pled, this Court in *Leavitt v. Cole* instructed that the Federal Rules of Civil Procedure dictate that a claim for injurious falsehood, or trade libel, may be pled with Rule 8's "liberal pleading requirements." 291 F. Supp. 2d 1338, 1345 (M.D. Fla. 2003). Judge Presnell wrote that such a claim must "include an allegation that the wrongful conduct caused actual economic loss" via Rule 8's "short and plain statement" standard. *See Leavitt* at 1344, n. 5. Plaintiffs have met this burden by alleging that Plaintiff sellers have accumulated a backlog of devalued coins and that Plaintiffs have suffered pecuniary loss due to loss of business opportunities and ability to sell their coins and/or grading services at their full value. *See* First Amended Complaint, ¶¶ 20, 22, 48. Just as *Leavitt* was a federal case, so to is this case, and "[t]his Court must follow the Federal Rules." *See Leavitt* at 1343.

Given Plaintiffs' proper pleading that eBay's wrongful conduct caused Plaintiffs actual economic loss, dismissal is not appropriate.

**C.    Plaintiffs have properly pled a cause of action for Conspiracy to Commit Trade Libel**

Count I of the Amended Complaint sufficiently alleges a claim against eBay and the other Defendants for civil conspiracy to commit trade libel. The essential elements of a civil conspiracy are: (a) an agreement between two or more parties, (b) to do an

unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to the plaintiff as a result of the acts done under the conspiracy. *Florida Fern Growers Ass'n, Inc. v. Concerned Citizens of Putnam County*, 616 So. 2d 562, 565 (Fla. 5th DCA 1993) (citing *Kent v. Kent*, 431 So. 2d 279, 281 (Fla. 5th DCA 1983) (finding that complaint stated a claim for civil conspiracy).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). Rather, "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. *Id.* at 1965. "The Court has instructed us that the rule . . . 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Watts v. Fla. Nat'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (*quoting Bell Atlantic Corp.,* 127 S. Ct. at 1965). "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1965). In the instant case, the First Amended Complaint is not a bare bones complaint that warrants dismissal, but is instead a twenty (20) page detailed complaint that meets and exceeds the requirements under Federal Rule of Civil Procedure 12(b)(6).

As set forth in section B(1)-(5) above, the Amended Complaint sufficiently alleges

a trade libel claim against eBay.  Defendant eBay alleges that "Plaintiffs failed to allege that eBay was involved in the allegedly unfair and deceptive PNG/ICTA survey or that eBay omitted the Grading Services Plaintiffs from the coins policy with the intent to libel them." (Dkt. No. 52, pg. 21).  Plaintiffs respectfully submit that the Court should reject eBay's arguments in this regard and determine that Plaintiffs have sufficiently pled a civil conspiracy to commit trade libel claim against eBay and the other Defendants.  The gravamen of the conspiracy claim as it relates to eBay is set forth in paragraphs 8 and 14-22 of the Amended Complaint. These allegations specifically and with particularity accuse eBay of collaborating with the other named Defendants to form a "watch group" to combat misrepresented eBay coin listings (¶¶ 14 and 15), utilizing a coin grading survey intended to elicit deceptive and misleading results pertaining to ACG's grading services with the knowledge that the PNG/ICTA survey was unfair and deceptive (¶18), announcing and promulgating the new policy that unlawfully excludes coins graded by NNC and ACG from being listed as certified (and in fact refers to them as "counterfeit") and that unlawfully prohibits TREASURE GALLERY and CENTSLES from selling coins graded by NNC and ACG except as "raw" coins at a greatly diminished price. (¶¶ 19-22).  Finally, Plaintiffs sufficiently allege the requisite financial injury flowing from the Defendants' unlawful conduct. (¶ 36)

       The allegations contained in Count One sufficiently address each of the elements of a civil conspiracy claim and contain the necessary particularity as it relates to eBay's role in the conspiracy and activities in furtherance thereof. *See Primerica Financial Services v. Mitchell*, 48 F. Supp. 2d 1363 (S.D. Fla. 1999) (Where plaintiff named the

alleged co-conspirators, alleged certain acts performed by the defendant and co-conspirators in furtherance of the conspiracy, pled that the intent of the conspiracy was to interfere illegally with plaintiff's business relationships and that the plaintiff suffered financial injury, the court found the pleading sufficient to put the defendant on notice as to the nature of the alleged conspiracy and denied the motion to dismiss); *See also Dozier & Gay Paint Co., Inc*., *v. Dilley*, 518 So. 2d 946, 948 (Fla. 1st DCA 1988) (A civil conspiracy may be established solely through circumstantial evidence).

The First Amended Complaint adequately details the conspiracy to undertake unlawful acts engaged by the Defendants separately and together. Moreover, it clearly alleges the nature of the damages caused to Plaintiffs as a result of the conspiratorial conduct. Accordingly, this Court should deny eBay's motion to dismiss.

**D.    Plaintiffs have properly pled a cause of action for violation of Florida's Unfair and Deceptive Trade Practices Act.**

eBay claims in its Motion to Dismiss that Plaintiffs have failed to state a claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") because Plaintiffs have failed to allege any practices by eBay that are unfair and deceptive.  (Dkt. No. 52, pg. 22).  FDUTPA declares that "unfair *or* deceptive acts or practices in the conduct of any trade or commerce" are unlawful.  Fla. Stat. Ann. §501.204(1) (emphasis added). An unfair practice under FDUPTA "is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or *substantially injurious to consumers*."  *Rollins, Inc. v. Butland,* 951 So. 2d 860, 869 (Fla. 2d DCA 2006) (emphasis added).  The Florida Supreme Court has noted that "deception occurs if

there is a *representation*, omission, or practice that is likely to *mislead the consumer* acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.,* 480 F.3d 1281 (citing *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So. 2d 773, 777 (Fla. 2003) (emphasis added).

Contrary to Defendant eBay's assertions, the practices taken by eBay as alleged in paragraphs 17-21 and 23-29 of the First Amended Complaint were both unfair and deceptive. As discussed in these paragraphs, eBay not only promulgated an unfair and deceptive policy that excluded Plaintiffs from selling their coins on eBay and branded their coins as counterfeit, but as alleged in paragraph 18 of the First Amended Complaint, eBay knew or should have known that the PNG/ICTA survey was unfair and deceptive and despite that fact decided to utilize the survey to defame Plaintiffs by sending out e-mails to customers and third party coin dealers that Plaintiffs' coins were counterfeit.  *See* ¶¶18-29.   The e-mails that are sent to bidders and third party coin dealers are an unfair practice in that they are substantially injurious to the customer due to the fact that third party coin dealers cannot sell ACG or NNC-graded coins at even a fraction of their worth and bidders are forced to only buy the more expensive coins from the 4 approved coin dealers.  The e-mail sent to bidders and third party coin dealers from eBay is also deceptive in that it misleads the consumers into believing that ACG and NNC-graded coins are counterfeit when in reality, they are not.  This is to the consumer's detriment because the bidders are forced to purchase more expensive coins and the dealers are left with thousands of essentially useless ACG and NNC-graded coins.

The expressed and avowed purposes of Florida Unfair and Deceptive Trade Practices Act are to promote the following policies:

(1)     To simplify, clarify and modernize the law governing consumer protection, unfair methods of competition and unconscionable, deceptive, and unfair trade practices.

(2)     To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

(3)     To make state consumer protection and enforcement consistent with established practices of federal law related to consumer protection.

*Millenium Communications & Fulfillment, Inc. v. Office of the Attorney General,* 761 So. 2d 1256, 1261 (Fla. 3d DCA 2000) (*citing* Fla. Stat. §501.202); *See also Macias v. HBC of Florida, Inc.,* 694 So. 2d 88 (Fla. 3d DCA 1997).   The actions taken by eBay are contrary to the policies expressed above in that eBay's new coin policy deceives consumers into believing that Plaintiffs' coins are counterfeit and causes unfair competition in that only coins graded by the 4 graders listed on the PNG/ICTA survey are allowed to sell "certified" coins on eBay.   This is directly in conflict with the expressed purposes of FDUPTA and therefore, Defendant eBay's Motion to Dismiss Plaintiffs' FDUPTA claim should be denied.

WHEREFORE Plaintiffs, NATIONAL NUMISMATIC CERTIFICATION, LLC, ASA ACCUGRADE, INC., TREASURE GALLERY, INC., and CENTSLES, INC., respectfully

request that this Court enter its Order denying Defendant ANA's Motion to Dismiss and providing such other and further relief as this Court deems just and proper.

DATED this 28th day of April, 2008

Respectfully Submitted,

BEUSSE WOLTER SANKS
MORA & MAIRE, P.A.
390 North Orange Avenue
Suite 2500
Orlando, Florida 32801
Telephone:    (407) 926-7700
Facsimile:    (407) 926-7720
dbrodersen@iplawfl.com
aneilson@iplawfl.com

By:    /s/ Daniel N. Brodersen
       DANIEL N. BRODERSEN
       Florida Bar No. 0664197
       TERRY M. SANKS
       Florida Bar No.
       AMBER L. NEILSON
       Florida Bar No. 026628

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System this 28th day of April, 2008 which will send an electronic copy of this notice to: Robert E. O'Quinn, Jr., Esquire, COLE, SCOTT & KISSANE, P.A., 1805 Copeland Street, Jacksonville, Florida 32204 (Counsel for the Professional Numismatists Guild, Inc.); Judith M. Mercier, Esquire, HOLLAND & KNIGHT, LLP, 200 South Orange Avenue, Suite 2600, Orlando, Florida and Melina K. Patterson, COOLEY GODWARD KRONISH, LLP, 4401 Eastgage Mall, San Diego, CA 92121 (Counsel for eBay, Inc.); and Zachary A. Leacox, Esquire, FULMER, LeROY, ALBEE, BAUMANN & GLASS, P.L.C., 910 N. Ferncreek Avenue, Orlando, Florida 32803 (Counsel for the American Numismatic Association).

/s/ Daniel N. Brodersen
Attorney